IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10511
_____

IN RE:  DAVID LEE GOFF,

                                                    Movant.

_____

Motion for an order authorizing the United States District Court
for the Northern District of Texas, Fort Worth Division, to
consider a successive habeas 28 U.S.C. § 2254 application, and
Motion for stay of execution
_____
April 25, 2001

Before JOLLY, SMITH and PARKER, Circuit Judges.

PER CURIAM:

     David Lee Goff, convicted of capital murder by the State of

Texas in November 1991, has filed a motion in this court for

permission to file a second federal habeas petition and a motion

for stay of execution.  Goff's initial request for a Certificate of

Appealability was denied by this court on September 8, 2000.  Goff

v. Johnson, No. 99-10305 (5th Cir. Sept. 8, 2000).  In his motion

for permission to file a successive petition, Goff claims that his

initial state habeas counsel was ineffective for failing to raise

critical issues as to the ineffectiveness of his trial counsel to

investigate alibis.  As a result, Goff claims that he was

foreclosed from raising the ineffectiveness issue in his first

federal habeas petition.  Because his state habeas counsel was

ineffective, Goff argues that his claim for relief falls within an exception to the ban on successive federal habeas filings outlined in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(b)(2).

The factual and procedural history of this case can be found in the Texas Court of Criminal Appeals' decision affirming Goff's conviction and sentence. Goff v. State, 931 S.W.2d 537 (Tex. Cr. App. 1996). Briefly, the evidence shows that on September 1, 1990, Goff stopped by the home of a friend, Craig Ford, and offered to give Ford a ride to his mother's house. Ford followed Goff out to a blue panel van. The victim was sitting in the driver's seat of the van. Ford sat in the rear of the van and Goff sat in the passenger seat.

The victim drove the van for a few minutes when Goff asked the victim to pull over so he could relieve himself. Goff returned to the van, reentered the passenger seat, and pointed a pistol at the victim. Goff then grabbed the victim, threw him onto a mattress in the back of the van, and handcuffed the victim's hands behind his back. Goff then shoved Ford towards the driver's seat and told him to drive.

Goff told Ford to find a dark street, and Ford drove the van for several miles. At that point, Ford heard a single gunshot in the back of the van. Ford pulled the van over near a secluded

wood.   After he attempted to help Goff remove the victim's body from the van, Ford fled the scene.   Goff disposed of the body and chased after Ford.   He caught up with him and pulled out his gun, ordering Ford to return to the van.   The two returned to the apartment where both of their girlfriends resided.

Testimony at trial pieced together the ensuing events.   A neighbor testified that Goff asked him to burn a van parked nearby and told him not to worry about what was inside the van.   The neighbor declined.   In addition, the daughter of Goff's girlfriend testified that Goff returned to the apartment that day with blood on his pants and shirt.   She also testified that both Goff and Ford paced around the home, looked out the windows, and conversed secretively that evening.   She finally contacted police when she heard news reports of the victim's murder several days later.

The victim's body was found three days later.   The cause of death was determined to be a single gunshot wound to the head. Goff was thereafter tried and convicted of murder in the course of kidnapping or burglary and sentenced to death.   The Texas Court of Criminal Appeals affirmed the sentence in May 1996, and the United States Supreme Court denied Goff's petition for a writ of certiorari.   Goff v. Texas, 520 U.S. 1171 (1997).

Goff filed his first state habeas petition in December 1997. That petition was denied in June 1998.   In September 1998, Goff

3

filed a petition for federal habeas relief in the United States District Court for the Northern District of Texas. The petition was denied on January 19, 1999, and this court denied Goff's request for a Certificate of Appealability on September 8, 2000.

Goff then filed a second application for post-conviction relief in the Texas Court of Criminal Appeals, arguing that he was appointed incompetent state habeas counsel, which violated his statutory right to competent counsel in Texas and his right to due process under the Fourteenth Amendment. That petition was denied on April 24, 2001.

Goff now seeks authority from this court to file a successive federal habeas petition under 28 U.S.C. § 2244(b)(3)(A). Goff is prohibited from filing a second federal habeas petition raising a new claim unless he can show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Goff's claims for relief are without merit. The Supreme Court has explicitly held that there is no protected Sixth Amendment right to counsel in state post-conviction proceedings.

<u>Pennsylvania v. Finley</u>, 481 U.S. 551, 557 (1987).  Goff argues that, despite this fact, if a state chooses to create a statutory system whereby counsel is appointed for state habeas petitioners, the state must appoint competent counsel as determined by the Sixth Amendment and due process.

In <u>Finley</u>, the Supreme Court determined that, because the state has no obligation to provide habeas counsel, the fact that the state chooses to appoint counsel for post-conviction proceedings does not trigger the protections of the Constitution:

> Since respondent has no underlying constitutional right to appointed counsel in state postconviction proceedings, she has no constitutional right to insist on the <u>Anders</u> procedures which were designed solely to protect that underlying constitutional right.

<u>Id.</u>  The Supreme Court continued to reject Finley's argument that <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985), requires that a state comply with due process requirements once it chooses to provide post-conviction counsel.  Indeed, Goff relies primarily on <u>Evitts</u> in his motion before this court.  The <u>Finley</u> court distinguished <u>Evitts</u> and concluded that "[w]e think that <u>Evitts</u> provides respondent no comfort."  481 U.S. at 558.

In its concluding paragraph, the <u>Finley</u> court emphasized the force of its holding:

> At bottom, the decision below [finding a right to competent counsel in post-conviction proceedings] rests on a premise that we are unwilling to accept--that when a State chooses to offer help to those seeking relief

5

from convictions, the Federal Constitution dictates the exact form such assistance must assume. On the contrary, in this area States have substantial discretion to develop and implement programs to aid prisoners seeking to secure postconviction review. In Pennsylvania, the State has made a valid choice to give prisoners the assistance of counsel without requiring the full panoply of procedural protections that the Constitution requires be given to defendants who are in a fundamentally different position--at trial and on first appeal as of right. In this context, the Constitution does not put the State to the difficult choice between affording no counsel whatsoever or following the strict procedural guidelines enunciated in Anders.

Id. at 559. Incidentally, the Finley holding was reaffirmed and expanded upon in Coleman v. Thompson, 501 U.S. 722, 757 (1991), in which the Supreme Court found that "[b]ecause Coleman had no right to counsel to pursue his appeal in state habeas, any attorney error that led to the default of Coleman's claims in state court cannot constitute cause to excuse the default in federal habeas."

While Finley involved the application of Anders in state post-conviction proceedings, the Fifth Circuit has directly addressed the issue of ineffective assistance. In Irving v. Hargett, 59 F.3d 23 (5th Cir. 1995), this court noted that, absent a showing of cause, a habeas petitioner was bound to assert ineffective assistance claims in his first federal habeas petition. Recalling that a petitioner does not have a constitutional right to counsel in post-conviction habeas proceedings, the panel concluded that "error or misconduct by Irving's counsel cannot establish cause for his failure to appeal the rejection of these claims in his first

6

federal habeas proceedings." Id. at 26.

A year later, in Callins v. Johnson, 89 F.3d 210 (5th Cir. 1996), this court reiterated that the failure of a habeas attorney to raise and preserve an issue cannot constitute cause and thus cannot authorize a successive habeas petition. The court stated:

> Counsel's ineffectiveness will constitute cause only if it is an independent constitutional violation, and there is no constitutional right to counsel in habeas proceedings. Thus, no error by habeas counsel can ever constitute cause for abusing the writ.

Id. at 212 (citations omitted).

Goff attempts to undercut the strong precedent on this issue by citing a 1966 Fifth Circuit case in which this court stated that "[h]aving invoked the Texas statutes granting post-conviction hearings, [the petitioner] had the right to be tried according to the substantive and procedural due process requirements of the Fourteenth Amendment." Welch v. Beto, 355 F.2d 1016, 1020 (5th Cir. 1966). While the Welch holding does hint at some form of due process right once a state decides to provide a non-constitutionally obligated service, the Supreme Court has spoken quite explicitly on this subject since Welch and has repeatedly emphasized that ineffective assistance of counsel in a post-conviction proceeding cannot serve as cause to excuse default in a federal habeas proceeding. To that extent, at least, Welch has been overruled and is no longer valid law in this circuit.

7

As to Goff's underlying claim that his trial counsel was ineffective in not investigating the witnesses that he claims would have put him in a different location at the time of the murder, Goff presents only minimal evidence to suggest that prejudice resulted from this alleged failure to investigate. Indeed, Goff concedes that he has been unable to locate two of the four witnesses that supposedly would provide an alibi, and the two witnesses that are prepared to provide an alibi are Goff's grandmother and sister-in-law. Based on the facts, presented by Goff, underlying his claim of ineffective assistance at trial, and based on the Supreme Court's determination that Goff's claim is not constitutionally cognizable, we cannot say that Goff has established by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the

applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

In sum, the issues raised in Goff's motion have no merit and lack any support in Supreme Court or Fifth Circuit precedent. Because Goff has failed to show why he is entitled to file a second habeas petition under 28 U.S.C. § 2244(b)(2)(B), it is ORDERED that movant's motions for permission to file a successive application for writ of habeas corpus and stay of execution are

D E N I E D.

8