United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 6, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————————

No. 03-20338

———————————————

LORENZO MORRIS,

Petitioner-Appellant,

versus

DOUG DRETKE,
Director, Texas Department of Criminal
Justice, Correctional Institutions Division,

Respondent-Appellee.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
(USDC No. H-02-488)

———————————————————————————

Before JONES, STEWART, and DENNIS Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Lorenzo Morris ("Morris") requests a certificate of appealability

("COA") from this court in order that he may appeal the decision of the district court dismissing his

federal habeas petition under 28 U.S.C. § 2254, for ineffective assistance of counsel. Morris claimed

that both his trial and habeas counsel failed to investigate and present evidence that he claims is both

exculpatory and mitigating in nature, in connection with his murder conviction and death sentence.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because we find that the district court was correct to conclude that Morris's state habeas petition was denied on an independent and adequate state procedural ground, and Morris has failed to overcome this procedural bar, we deny his request for a COA and affirm the district court's decision.

DISCUSSION

I.    Statement of facts

On August 5, 1990, Morris attacked seventy year old Jesse Fields ("Fields") with fists, a knife, and a hammer. Morris later confessed to the attack. Morris stated that the attack occurred because Fields did not have any drugs to sell to him. During the attack, Morris stabbed Fields in the neck with a knife and struck him repeatedly on the head with a hammer. Morris then left Fields lying in a pool of blood and took money from Fields house. As a result of the attack Fields suffered severe head trauma, leaving him in a comatose state. He remained in a hospital for several months and was then transferred to a nursing home. During his stay in the nursing home, Fields developed gangrene in his foot, which led doctors to amputate his left leg in order to prevent the spread of infection. Fields died the day after the amputation on May 11, 1991. For the entire time from the day that Fields had been attacked by Morris until the day he died, he had been comatose.

On July 31, 1991, the State of Texas indicted Morris for the murder of Fields in the course of an aggravated robbery. A jury found Morris guilty of capital murder. In the punishment phase of the trial, the State presented evidence of Morris's long criminal history, including incidents of shoplifting, resisting arrest, carrying a weapon, aggravated assault of a police officer, and aggravated robbery. The defense did not call any punishment phase witnesses. The jury's affirmative answers

2

to the Texas special issues required imposition of the death penalty.[1]

Morris challenged the conviction and sentence on direct appeal to the Texas Court of Criminal Appeals. On December 4, 1994, the Texas Court of Criminal Appeals affirmed Morris's conviction and sentence. The United States Supreme Court then denied Morris's subsequent petition for a writ of certiorari. On October 21, 1996, Morris filed an application for state habeas corpus relief. The state habeas court found no material disputed facts and decided that an evidentiary hearing on Morris's claims was not required. That court signed the State's proposed factual findings and legal conclusions recommending that the Court of Criminal Appeals deny habeas relief. On May 3, 2000, the Texas Court of Criminal Appeals entered an order stating that the record supported the trial court's findings and conclusions, and subsequently denied habeas relief.

On July 7, 2000, the district court appointed counsel to represent Morris in his federal habeas proceedings. Before filing his federal petition, however, Morris filed a successive state application for habeas relief. Morris later supplemented his successive application with a claim based on new Supreme Court authority.[2] The Texas Court of Criminal Appeals dismissed the successive habeas application as an abuse of the writ by a February 6, 2002 order because Morris had failed to comply with Texas's stringent requirements for the filing of successive proceedings.

On February 8, 2002, Morris filed a federal petition for writ of habeas corpus under 28 U.S.C.

---

[1] The Texas special issues were:

I. Did Morris deliberately commit the conduct that caused the death of Fields, with the reasonable expectation that the death of Fields would result?
II. Is there a probability that Morris would commit criminal acts of violence that would constitute a continuing threat to society?
III. Was Morris's conduct in killing Fields unreasonable in response to any provocation by Fields?

[2] This new authority was Penry v. Johnson, (Penry II) 121 S. Ct. 1910 (2001).

3

§ 2254 with the district court in which he raised the following five substantive claims: (1) newly discovered evidence proved that Morris was actually innocent of capital murder; (2) Morris's initial state habeas counsel provided ineffective assistance, in violation of the Sixth Amendment and the due process clause, by failing to investigate and present meritorious evidence; (3) his trial counsel provided ineffective assistance by failing to challenge the State's theory of causation and by failing to present significant mitigating evidence in the punishment phase of the trial; (4) the trial court violated Morris's constitutional rights by failing to instruct the jurors on the consequences of a single juror's "no" vote on the special issues ("10-12 Rule"); and (5) the trial court failed to protect Morris's rights under the Eighth and Fourteenth Amendments by not delivering instructions that would allow the jury to consider the mitigating evidence fully.

On March 24, 2003, the district court by a Memorandum And Order ("Order") granted the Attorney General for the State of Texas's motion for summary judgment, denied Morris's petition for a writ of habeas corpus, holding that the Texas Court of Criminal Appeals' denial of his state habeas petition was based on an independent and adequate state ground, and dismissed Morris's case.

On appeal, Morris asks this court to grant a COA so that he may appeal the district court's decision, which he asserts should be reversed for the following reasons. First, the disposition of his ineffective assistance of counsel claim by the Texas Court of Criminal Appeals as an abuse of the writ is not the kind of "independent and adequate state ground" that would preclude this court's review on the merits. Second, his ineffective assistance of trial counsel claim should not be procedurally barred because he can demonstrate a "fundamental miscarriage of justice" due to his "actual innocence," which will allow this court to review his claim on the merits. Third, his Penry "nullification" claim should result in a COA either as an independent issue or as part of his ineffective

4

assistance of counsel claim because: (a) it was sufficiently novel to avoid the state procedural bar and, and (b) there existed Penry-type mitigation evidence that the jury should have been allowed to consider and, (i) his trial counsel was ineffective for failing to investigate this type of evidence which should have been discovered and presented to the jury; (ii) there is no requirement that any mitigating evidence contain a "nexus" that limits a defendant's entitlement to a Penry vehicle; and (iii) the "nullification" instruction submitted to the jury by the trial judge was a structural error that requires correction despite the absence of the mitigating evidence at the trial, that has subsequently been discovered, and because the jurors were authorized to find that any evidence they heard was mitigating. Fourth, the correctness of the district court's determination on the merits of Morris's claim of ineffective assistance of counsel is debatable among jurists. For the reasons set forth below we affirm the district court's decision and deny Morris's request for a COA.

## II.    Standard of Review

Because Morris filed his federal petition for writ of habeas corpus under 28 U.S.C. § 2254 on February 8, 2002, the Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to his § 2254 application.[3] See Ogan v. Cockrell, 297 F.3d 349, 355 (5th Cir. 2002). Under the AEDPA, full appellate review of the district court's denial of habeas relief is not available unless a petitioner obtains a COA. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003); 28 U.S.C. § 2253(c).[4]   In order

---

[3] The AEDPA became effective on April 24, 1996. See Woodford v. Garceau, 123 S.Ct. 1398, 1400 (2003).

[4] 28 U.S.C. § 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

5

to obtain a COA a petitioner must make a substantial showing of the denial of a constitutional right. Id. at 1034 (citing 28 U.S.C. § 2253(c)(2)). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of the petitioner's constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Id. In a case such as this, a court of appeals must look at the district court's application of AEDPA to the petitioner's constitutional claims and ask whether the district court's resolution was debatable amongst jurors of reason. Id. This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims, and in fact the statute forbids such. Id. When a court of appeals sidesteps this process by first deciding the merits of an appeal, and then justifies its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. Id. Because this case involves the death penalty, any doubts as to whether a COA should be issued must be resolved in the petitioner's favor. Bigby v. Cockrell, 340 F.3d 259, 265 (5th Cir. 2003).

III. Law and Analysis

Independent and Adequate State Grounds

The district court held that because the Texas Court of Criminal Appeals' denial of Morris's state habeas petition was based on an independent and adequate state ground, Morris was procedurally barred from obtaining federal habeas relief.

The Supreme Court has held that a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent

---

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

6

of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). Only if "a state court decision fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion, will [a federal court presume that] the most reasonable explanation that the state court decided the case the way it did [was] because it believed that the federal law required it to do so," and thus be able to entertain a petitioner's federal habeas claims. <u>Id</u>. at 733 (quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1040-41 (1983)).

A review of the Texas Court of Criminal Appeals' February 6, 2002 Order shows that it dismissed Morris's application solely because it failed to satisfy Tex. Code Crim. Proc., Art. 11.071, Sec 5(a).[5] The Order is devoid of any reference that would indicate that the court considered any of the merits of his claims or that it based its dismissal on federal law.

Morris argues that it is debatable among jurists of reason that under the circumstances of his case, imposing the "adequate and independent state ground" procedural bar serves the purpose of comity and federalism. To support this argument Morris points out that in <u>Coleman</u> three of the

---

[5] Art. 11.071 provides:

(a)  If a subsequent application for a writ of habeas corpus is filed after filing an initial application, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
(1)  the current claims and issues have not been and could not have been presented previously in a timely initial application or in a previously considered application filed under this article or Article 11.07 because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application;
(2)  by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt; or
(3)  by clear and convincing evidence, but for a violation of the United States Constitution no rational juror would have answered in the state's favor one or more of the special issues that were submitted to the jury in the applicant's trial under Article 37.071 or 37.0711.

7

justices dissented on the issue of the scope and purpose of the adequate and independent state ground as a bar to a federal court's review of constitutional issues. The fact that three justices of the Supreme Court, who Morris asserts are certainly "jurists of reason," disagreed with the majority, shows, he argues, that the application of adequate and independent state grounds here is debatable. However, the topic of the dissent in Coleman was not the scope and purpose of the adequate and independent state ground per se, but instead was the correctness of the majority's conclusion that the Michigan presumption of an application of federal law in the state habeas proceeding at issue in that case did not apply. Id at 759. Justice Blackmun's dissent, which was joined by Justices Marshall and Stevens, questioned how the majority could conclude, without adequate explanation, that the purposes of federalism are advanced whenever a federal court refrains from reviewing an ambiguous state-court judgment. Id.

Furthermore, even if at the time of Coleman three justices in dissent debated the applicability or even validity of the independent and adequate state ground procedural bar, the issue is clearly not debatable today. Subsequent to Coleman this court and our fellow circuits have consistently held that a federal habeas court cannot grant relief where the last state court to consider the claim expressly and unambiguously based its denial of relief on an independent and adequate state law procedural ground.[6]

---

[6] See e.g., Henderson v. Cockrell, 333 F.3d 592, 604 (5th Cir. 2003); Evans v. Cockrell, 285 F.3d 370, 375 (5th Cir. 2002); Finley v. Johnson, 243 F.3d 215, 218 (5thn Cir. 2001); Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999); Muniz v. Johnson, 132 F.3d 214, 220 (5th Cir. 1998); Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997); Amos v. Scott, 61 F.3d 333, 338 (5th Cir. 1995); Sawyers v. Collins, 986 F.3d 1493, 1499 (5th Cir. 1993); Phoenix v. Matesanz, 189 F.3d 20 (1st Cir. 1999); Cotto v. Herbert, 331 F.3d 217 (2nd Cir. 2003); Carpenter v. Vaugh, 296 F.3d 138 (3rd Cir. 2002); Brown v. Lee, 319 F.3d 162 (4th Cir. 2003); Lancaster v. Adams, 324 F.3d 423 (6th Cir. 2003); Penry v. McCaughtry, 308 F.3d 682 (7th Cir. 2002), cert. denied, 123 S. Ct. 1504 (2003); Reagan v. Norris, 279 F.3d 651 (8th Cir. 2002); Vang v. Nevada, 329 F.3d 1069 (9th Cir. 2003); Ellis v. Hargett, 302 F.3d 1182 (10th Cir. 2002), cert. denied, 123 S. Ct. 1361 (2003); Eagle v. Linahan, 279 F.3d 926 (11th Cir. 2001).

Therefore, Morris has failed to show that applying the independent and adequate state ground procedural bar is debatable among jurists of reason. A petitioner, however, may overcome the procedural bar if he can show both cause for failing to satisfy the state law and prejudice from the procedural bar. See Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). Morris argues that his initial habeas counsel's failure to investigate and raise the barred claims constitutes "cause" that excuses his failure to follow the requirements of Tex. Code Crim. Proc. Art. 11.071, Sec. 5(a).

However, 28 U.S.C. § 2254(i) clearly states that the ineffectiveness or incompetence of counsel during a federal or state post-conviction proceeding shall not be the ground for relief in a habeas corpus proceeding. Furthermore, this court as well as other circuits have held that alleged ineffectiveness of counsel in a petitioner's first state habeas proceeding does not constitute cause for failing to previously raise a claim. See Beazley v. Johnson, 242 F.3d 248, 271 (5th Cir. 2001); Mackall v. Angelone, 131 F.3d 442, 446 (4th Cir. 1997), cert. denied, 118 S. Ct. 907 (1998) .

Therefore, Morris has not shown cause for failing to satisfy Texas' procedural requirement, and thus he cannot overcome the procedural bar.

Fundamental Miscarriage of Justice

Another avenue in which a petitioner may overcome a procedural bar to federal habeas relief is if the petitioner can show that imposing such a bar would constitute a fundamental miscarriage of justice. Sawyer v. Whitley, 505 U.S. 333, 339 (1992). A fundamental miscarriage of justice will be held to exist if the petitioner can show that he is actually innocent of the crime of which he was convicted and sentenced to death. Id. A petitioner who claims that he is actually innocent of the underlying crime must show that, based on reliable evidence not presented at trial by reason of a constitutional violation, it is more likely than not that no reasonable juror would have convicted him

9

in light of the new evidence. See Calderon v. Thompson, 118 S. Ct. 1489, 1503 (1998); Schlup v. Delo, 115 S. Ct. 851, 867 (1995). If on the other hand a capital petitioner challenges his death sentence, based on reliable evidence not presented at trial, again because of constitutional error, the petitioner must show by clear and convincing evidence that no reasonable juror would have found the petitioner eligible for the death penalty in light of the new evidence. Id.; Id.; Sawyer, 505 U.S. at 336.

The district court correctly noted that a claim of actual innocence based on newly discovered evidence, independent of any constitutional violation or error, cannot serve as a separate ground for federal habeas relief. Herrera v. Collins, 113 S. Ct. 853, 860 (1993). A defendant who has received a fair trial and has been convicted, no longer enjoys the presumption of innocence. Id. The purpose of federal habeas courts is to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. Id. The district court's conclusion that a petitioner's claim of actual innocence, such as Morris's here, must be denied as a separate basis for habeas relief, has been repeatedly upheld by this court. See Dowthitt v. Johnson, 230 F.3d 733, 741 (5th Cir. 2000), cert. denied, 121 S. Ct. 1250 (2001) (independent claim for federal habeas relief based on actual innocence not cognizable in federal habeas proceedings); Graham v. Johnson, 168 F.3d 762, 788 (5th Cir. 1999), cert. denied, 120 S. Ct. 1830 (2000) (same); Robinson v. Johnson, 151 F.3d 256, 267 (5th Cir. 1998), cert. denied, 119 S. Ct. 1578 (1999) (same); Lucas v. Johnson, 132 F.3d 1069, 1074-75 (5th Cir.), cert. dismissed, 119 S. Ct. 4 (1998) (same).

Morris argues however, that it was the ineffectiveness of his trial counsel in failing to investigate, discover, and present evidence showing his actual innocence, as well as mitigating evidence, in violation of his Sixth Amendment Constitutional right, which resulted his wrongful

conviction.

The district court, however, stated that this argument was itself procedurally barred because Morris's initial habeas counsel failed to bring it up on his first state habeas application and he presented these same arguments in his successive state habeas application that the Texas Court of Criminal Appeals dismissed as an abuse of the writ pursuant to Tex. Code Crim. Proc. art. 11.071, sec. 5(a). Furthermore, the district court noted that the Supreme Court has held that the procedural default doctrine extends not only to substantive constitutional claims, but also to arguments made to overcome a procedural bar as well. See Edwards v. Carpenter, 120 S. Ct. 1587, 1589 (2000) (An ineffective assistance of counsel claim asserted as cause for another procedurally barred claim can itself be procedurally defaulted, and unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as a cause for another procedurally defaulted claim). Additionally, the district court citing Coleman, stated that because the Supreme Court has held there is no constitutional right to an attorney in state post-conviction proceedings, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. 501 U.S. at 752.

We find the district court's analysis and conclusion correct. The ineffectiveness of Morris's trial counsel to investigate and present evidence relating to actual innocence and mitigation is the type of claim that may have overcome the procedural bar. However, he failed to bring up this claim in his first state habeas application, because of the ineffectiveness of his initial habeas counsel. When he obtained new habeas counsel, he filed a successive state habeas application and cited the ineffectiveness of his first habeas counsel as the cause for failing to bring up the failures of his trial counsel in his first application. However, because he did not have any constitutional right to that first

11

habeas counsel, he cannot claim an unconstitutional ineffectiveness of that counsel as a basis to overcome the procedural bar.

Morris also argued that as a capital habeas petitioner, he was entitled to "competent" counsel pursuant to Tex. Code Crim. Proc. art. 11.071 § 2(d).

The district court, however, noted that this Court has rejected the argument that this state statutory requirement creates a federal right enforceable on habeas review. See e.g., Ogan v. Cockrell, 297 F.3d 349, 357 (5th Cir.), cert. denied, 123 S. Ct. 582 (2002); Martinez v. Johnson, 255 F.3d 229, 245-46 (5th Cir. 2001), cert. denied, 122 S. Ct. 1175 (2002); In re Goff, 250 F.3d 273, 275 (5th Cir. 2001)).

In Ogan, this court stated that despite the presence of Tex. Code Crim. Proc. art. 11.071 § 2(d), the ineffective habeas counsel is insufficient to overcome a procedural bar, and that there is no constitutional right to habeas counsel. 297 F.3d at 357. Thus, where there is no constitutional right to habeas counsel, errors committed in post-conviction proceedings cannot constitute cause. Id. In Martinez, this court rejected a petitioner's argument that the Texas statute created a liberty interest in competent post-conviction counsel in addition to noting that 28 U.S.C. § 2254(i) bars a federal habeas claim solely grounded in the "ineffectiveness or incompetence of counsel during state collateral post-conviction proceedings." 255 F.3d at 245. And in Goff, this court rejected a petitioner's request to file a successive habeas petition to include additional facts that he claimed were not included in the original petition because of incompetent counsel. 250 F.3d at 275. This court in that case based its decision on its finding that these were not the type of facts that were undiscoverable at the time of the original petition through the exercise of due diligence, and its holding that there is no protected Sixth Amendment right to counsel in state post-conviction

proceedings.  Id.

We find the district court correctly concluded that the Texas statute requiring the appointment of competent counsel could not provide the basis for habeas relief was correct. Furthermore, Morris's innocence argument cannot serve as a basis to overcome the procedural bar because he is not claiming that he was not the person who severely beat Fields, but rather, that the cause of Field's death was complications arising from the leg amputation performed on him the day before he died.

The Supreme Court has clearly stated that the term "actual innocence, " in applying the exception to the state procedural bar, is defined as "factual" as opposed to "legal" innocence.  See e.g., Sawyer, 505 U.S. at 339;  Johnson v. Hargett, 978 F.2d 855, 859-60 (5th Cir. 1992), cert. denied, 113 S. Ct. 1652 (1993).  Actual innocence means that the person did not commit the crime, while legal innocence arises when a constitutional violation by itself would require reversal.  Sawyer, 505 U.S. at 339.

Because Morris is not arguing that he was not the person who committed the crime, the "actual innocence" exception is not available to him, and because he has not shown a constitutional violation or error, the legal innocence option is not available to him either.  Therefore, the district court  was correct to conclude that Morris failed to overcome the procedural bar via the actual innocence exception.

Penry nullification/Penry-type mitigating evidence

Morris next asserts that the authoritative, binding legal basis for his claim that the "ad hoc" nullification instruction given to the jury by the trial judge was unconstitutional under Penry I,  did not arise until the Supreme Court's decision in Penry II, thus making such claim a sufficiently novel

13

legal theory to overcome the procedural bar.[7]  Morris argues that pursuant to Article 11.071 § 5(a)(1) he could overcome the procedural bar because his <u>Penry II</u> claim was "novel" pursuant to the Supreme Court's decision in <u>Reed v. Ross</u>, 104 S. Ct. 2901 (1984).

The district court rejected this argument finding that this claim was not sufficiently novel, but was rather more in the category of a futile claim, which was "reasonably available" to Morris before <u>Penry II</u>, and whose original omission will not be excused.  (citing <u>Selvage v. Collins</u>, 975 F.2d 131, 134 (5th Cir. 1992); <u>cert</u>. <u>denied</u>, 113 S. Ct. 2445 (1993);  <u>Smith v. Murray</u>, 106 S. Ct. 2661, 2667 (1986) (perceived futility alone cannot constitute cause);  <u>Engle v. Isaac</u>, 102 S. Ct. 1558, 1575 (1982) (Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default)). Many petitioners before Morris, the district court noted, raised the same claim, and it also noted that constitutional standards did exist at the time of Morris's previous filings that would have allowed him to raise a claim based on the same principles announced in <u>Penry II</u>.  Thus, the district court concluded, Morris's <u>Penry II</u> claim was procedurally barred.

---

[7] The instruction given by the trial judge to which Morris contends violates <u>Penry I</u> was:

> You are instructed that when you deliberate on the questions posed in the special issues, you are to consider all relevant mitigating circumstances, if any, supported by the evidence presented in both phases of the trial, whether presented by the State or the defendant.  A mitigating circumstance may include, but is not limited to, any aspect of the defendant's character, background, record, emotional instability, intelligence, or circumstances of the crime which you believe could make a death sentence inappropriate in this case.  If you find that there are any mitigating circumstances in this case, you must decide how much weight they deserve, if any, and thereafter, give effect and consideration to them in assessing the defendant's personal culpability at the time you answer the special issue.  If you determine, when giving effect to the mitigating evidence, if any, that a life sentence, as reflected by a negative finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, a negative finding should be given to that special issue under consideration.

14

The district court's analysis and conclusion here is correct. While the Supreme Court in <u>Reed</u> held that the novelty of a constitutional issue at the time of a state court proceeding can give rise to cause for a defense counsel's failure to raise the issue in accordance with applicable state procedures, and thus permit entertainment of the claim in a subsequent federal habeas proceeding, it further held that novelty is defined as not being reasonably available to counsel at the time of the state proceedings. 486 U.S. at 15-16. Furthermore, in <u>Smith</u> the Supreme Court added clarity to the definition of novelty in a case involving whether novelty of a legal claim constituted cause for failure of a federal habeas petitioner to raise a claim, in accordance with applicable state procedures. The Court held that the issue is not whether the subsequent legal developments have made counsel's task easier, but whether at the time of the state procedural default, the claim was "available at all." 477 U.S. at 536. Finally, the Supreme Court has held, in <u>Smith</u>, 477 U.S. at 536, and <u>Engle</u>, 102 S. Ct. at 1575, that the perception by defense counsel that a certain legal argument is futile does not constitute cause. Even though courts before <u>Penry II</u> refused to extend <u>Penry I</u> to nullification instructions in the same manner as the Supreme Court did in <u>Penry II</u>, the legal argument presented now does not fit within the Supreme Court's definition of novel.

Therefore, Morris has failed to establish that his claim here qualifies as novel, and he should not be granted a COA on this issue.

Morris also contends that the district court erred, or at least its conclusion is reasonably debatable among jurists, in finding that his <u>Penry</u> claim was without merit on the ground that his defense counsel did not present any <u>Penry</u>-type evidence at the sentencing phase of his trial. Morris asserts that jurors are not limited to considering any specific type of evidence, nor are they limited to considering only evidence offered at the punishment phase at trial. Morris argues that the Supreme

15

Court in Penry II was concerned with structural defect in the nullification instruction, not merely with the specific type of mitigating evidence presented.

The district court in its order stated that because Morris had failed to raise any of the mitigating evidence he now offers during the trial, this court requires that his Penry claim be procedurally barred.[8] (citing Mann v. Scott, 41 F. 3d 968, 979 (5th Cir. 1994), cert. denied, 115 S. Ct. 1977 (1995)).

We conclude that the district court correctly held that because Morris failed to raise any mitigating evidence at trial, he is procedurally barred from bringing such evidence up now. This court's holding in Mann clearly requires such conclusion. 41 F.3d at 979. Furthermore, it does not appear that the holding in Mann can be held to be debatable among jurists of reason as it was based on established Fifth Circuit precedent,[9] and has not been criticized or refuted by any of this court's fellow circuits.

Morris also points to the Supreme Court's decision in Wiggins v. Smith, 123 S Ct. 2527 (2003) to argue that the failure of his trial counsel to investigate and present any mitigating evidence should lead to a finding that his counsel was ineffective. Morris argues that in Wiggins the trial counsel's failure to investigate the defendant's "social history" was the key to the Supreme Court finding that the counsel was ineffective, and that his history is similar to that of the defendant in Wiggins.

_____

[8] Morris asserts that the jury was prohibited from making a reasoned moral response to the mitigating evidence of his disadvantaged background that included abuse, neglect, drugs and alcohol.

[9] Mann, 41 F.3d at 979 (citing e.g., Motley v. Collins, 18 F.3d 1223, 1228 (5th Cir. 1994); Black v. Collins, 962 F.2d 394, 407 (5th Cir.), cert. denied, 504 U.S. 992 (1992); Lincecum v. Collins, 958 F.2d 1271, 1282 (5th Cir.), cert. denied, 506 U.S. 957 (1992); May v. Collins, 904 F.2d 228, 232 (5th Cir. 1990), cert. denied, 498 U.S. 1055 (1991); DeLuna v. Lynaugh, 890 F.2d 720, 722 (5th Cir. 1989)).

Morris is correct that <u>Wiggins</u> requires trial counsel to, at a minimum, look into a defendant's background or face the risk of being held ineffective. However, Morris cannot show how he can overcome the procedural bar of his initial habeas counsel's failure to include an ineffective assistance of trial counsel claim in his first habeas petition, either through cause and prejudice or actual innocence. Therefore, this Court must deny him a COA as to this issue.

<u>Ineffectiveness of trial counsel determination</u>

Lastly, Morris argues that the district court's determination on the merits that he failed to show ineffective assistance of trial counsel is debatable among jurists of reason, thus entitling him to a COA on this issue.

As we stated earlier, the district court was correct in concluding that because Morris had failed to bring up this claim in his original habeas petition, he was procedurally barred from bring it up in subsequent petitions, unless he could show cause for failing to bring it up originally and actual prejudice. Furthermore, Morris's proffered excuse, the failure of his initial habeas counsel, is precluded as cause both under 28 U.S.C. § 2254(i) and the Supreme Court's holdings in <u>Coleman</u>, 111 S. Ct. at 2566 and <u>Murray v. Giaratano</u>, 109 S. Ct. 2765, 2769-71 (1989) for example, which stated that there is not a constitutional right to an attorney in state post-conviction proceedings.

Therefore, we conclude that the district court's resolution of this claim was correct.

CONCLUSION

Because Morris has failed to overcome the state procedural bar on any of the claims he presents, we deny his request for a COA on all of these claims, and affirm the decision of the district court.

17