In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00072-CV


______________________________





IN RE: CHARLES R. HARRIS









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter








MEMORANDUM OPINION



 Charles R. Harris has filed a petition asking this Court to issue a writ of mandamus against
the 8th Judicial District Court. Harris complains the trial court has refused to properly give him
sixteen months of jail time credit to which he was entitled for time that he was incarcerated in the
Cook County jail in Illinois while under a detainer from the State of Texas, and fifty-seven days that
he was held in the Hopkins County jail in Texas awaiting transfer to the Texas Department of
Criminal Justice.

 To obtain mandamus relief, a relator must demonstrate that (1) he or she has no other
adequate legal remedy, and (2) under the relevant facts and law, the act sought to be compelled is
purely ministerial. State ex rel. Hill v. Court of Appeals for Fifth Dist., 34 S.W.3d 924, 927 (Tex.
Crim. App. 2001). An act is ministerial if it does not involve the exercise of any discretion and the
relator has a clear right to relief. See id. The relief sought must be clear and indisputable, such that
its merits are beyond dispute. See id. at 927-28.

 Harris correctly notes that the controlling authority for the procedure to be followed under
these allegations is Ex parte Ybarra, 149 S.W.3d 147, 149 (Tex. Crim. App. 2004). The Texas
Court of Criminal Appeals recognized that the trial court is required to grant the applicant
presentence jail time credit when sentence is pronounced, and that if the court fails to do so, the trial
court has the authority to correct the judgment to reflect the appropriate time credit by nunc pro tunc
order and should do so. Id. at 148-49; see Tex. R. App. P. 23.2. 

 The court stated that matters which may be raised and resolved by nunc pro tunc proceedings
should not be considered by way of writ of habeas corpus. Id.; see Ex parte Pena, 71 S.W.3d 336,
336-37 (Tex. Crim. App. 2002). The court then held that the appropriate remedy was to require the
party to present the issue to the trial court by way of a nunc pro tunc motion. If the trial court
declined to rule, the court held that it was then appropriate to seek a writ of mandamus from the
court of appeals. Ex parte Deeringer, 210 S.W.3d 616, 617 (Tex. Crim. App. 2006); Ybarra, 149
S.W.3d at 148. Further, because the trial court is statutorily required to award credit for presentence
time served, the judge's failure to do so violates a ministerial duty. See Hill, 34 S.W.3d at 927-28;
In re Daisy, 156 S.W.3d 922, 924 (Tex. App.--Dallas 2005, orig. proceeding).

 In this case, Harris stated in his petition that he had filed a motion with the district court
requesting jail time credit for the sixteen-month time period and that the motion was denied. (1) It does
not indicate that he sought a nunc pro tunc judgment from the trial court, and it contains no
documentation about any of the matters complained of, as required by Tex. R. App. P. 52.3(j). Thus,
we have no details about Harris' incarceration either in Illinois or in Texas, and he has provided no
documentation or authority to support his suggestion that a detainer in another state in his particular
case should properly count as credit against his sentence in Texas. 

 Harris has not shown himself to be entitled to mandamus relief.


 We deny the petition. 



 Jack Carter

 Justice


Date Submitted: June 12, 2007 

Date Decided: June 13, 2007


1. It is not clear whether Harris also asked for the fifty-seven days' credit at that time.


n that proceeding. Finley, 481 U.S.
at 559; In re Goff, 250 F.3d 273, 275 (5th Cir. 2001); Graves, 70 S.W.3d at 112-13.

 These holdings were made in the context of post-conviction habeas corpus proceedings. 
Their reasoning is equally applicable to a post-conviction request for forensic DNA testing under
Chapter 64, which is merely another form of collateral attack. In re Beasley, No. 03-02-00530-CR,
2003 WL 1922782 (Tex. App.-Austin Apr. 24, 2003, no pet. h.); Morris v. State, No. 11-02-00143-CR, 2003 WL 1883559 (Tex. App.-Eastland Apr. 17, 2003, no pet. h.).

 We affirm.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: March 24, 2003

Date Decided: May 16, 2003


Do Not Publish
1. Frischenmeyer repeatedly requested during the pendency of this appeal that his appointed
counsel be removed from the appeal so he could file his own brief. We granted his motion. 
Frischenmeyer is pro se in this appeal.