**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-70008

KEITH STEVEN THURMOND

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. H 06-2833

**ON PETITION FOR REHEARING**

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The petition for rehearing is GRANTED. The prior opinion, *Thurmond v. Quarterman*, No. 08-70008, slip op., 2009 WL 585618 (5th Cir. Mar. 9, 2009), is WITHDRAWN, and the following opinion is substituted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Petitioner Keith Steven Thurmond, convicted in Texas state court of capital murder and sentenced to death, seeks a certificate of appealability ("COA") to appeal the district court's order dismissing his petition for writ of habeas corpus. For the foregoing reasons, we **grant** Thurmond's application for a COA.

## I. Background

Thurmond was convicted and sentenced to death for the 2001 capital murders of Sharon Anne Thurmond, his wife, and Guy Sean Fernandez. Sharon Thurmond separated from her husband a few months before the murder. She took their child and moved across the street to live with Guy Sean Fernandez. The day of the murders, deputies served Thurmond with a protective order and placed his six-year-old son in the custody of his wife. Thurmond was unhappy that his wife was living across the street with another man. After the deputies left with the child, Thurmond became very upset. He then shot and killed both victims.

The Texas Court of Criminal Appeals affirmed Thurmond's conviction in November 2004. While his direct appeal was pending, Thurmond filed a state habeas application in the state court in October 2004. In June 2005, the trial court entered findings of fact and conclusions of law recommending that Thurmond's application be denied. On August 31, 2005, the Court of Criminal Appeals adopted the findings and conclusions and denied the application.

On September 9, 2005, Thurmond filed a motion for the appointment of counsel in federal court, and the court appointed counsel on November 11, 2005. Thurmond's counsel filed an application for writ of habeas corpus in the United States District Court for the Southern District of Texas on September 1, 2006. In June 2007, the Respondent filed a motion for summary judgment, which the district court granted and denied Thurmond's habeas petition. The district court held that Thurmond's petition was time-barred, and alternatively, Thurmond

2

was not entitled to relief on his claims. Thurmond does not dispute that, in order to be timely, he had one year, or until August 31, 2006, to file for post-conviction relief, and his petition was not filed until September 1, 2006. Thurmond argues, however, that the equitable tolling doctrine should apply either because (1) there was almost a two-month delay before he was appointed counsel or (2) Thurmond's counsel attempted to file the petition on August 31, 2006 in the after hours filing box, but the machine was not working. The district court *sua sponte* determined that a COA should not issue because the claims "are foreclosed by clear, binding precedent." Thurmond timely filed a notice of appeal.

## II.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires Thurmond to obtain a COA before he can appeal to this court. 28 U.S.C. § 2253(c); *Morris v. Dretke,* 379 F.3d 199, 203 (5th Cir. 2004). AEDPA establishes a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment. 28 U.S.C. § 2244(d)(1).

To obtain a COA, Thurmond must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where, as here, the district court denied a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also Morris,* 379 F.3d at 204. "[A] petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted).

> The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. . . . This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.

*Id.* "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009) (quoting *Miller-El*, 537 U.S. at 338).

The district court first held that Thurmond's petition was time-barred because Thurmond filed his petition one day beyond the one-year statute of limitations. Thurmond contends that the mechanical failure of the court's late-filing machine rendered the clerk's office inaccessible for purposes of filing his habeas petition within the one-year statute of limitations. Federal Rule of Civil Procedure 6(a)(3) provides that, in computing time, one should include the last day of the period "unless it is a Saturday, Sunday, legal holiday, or—if the act to be done is filing a paper in court—a day on which weather *or other conditions make the clerk's office inaccessible*." FED. R. CIV. P. 6(a)(3) (emphasis added). The Respondent argues that the local rules of the Southern District of Texas require that all documents are to be submitted by electronic means, and thus, Thurmond's counsel could have avoided this predicament if he had electronically filed the petition.[1] According to the Southern District of Texas's website, the

---

[1] In the district court, the Respondent filed an advisory to the court apologizing to opposing counsel and the court for its misstatement that "e-filing was the required method for filing the petition." *See* Dist. Ct. Doc. 16 (filed Aug. 7, 2007). Notwithstanding the Respondent's correction of its "mistake and misstatement" in the district court, the Respondent nonetheless made the same argument to this court, stating that "[a]s a preliminary matter, Thurmond's predicament could have been avoided if counsel had e-filed his petition. The local rules of the Southern District of Texas require that all documents are

Administrative Procedures for Electronic Filing in Civil and Criminal Cases did not become effective until January 1, 2007, after the August 31, 2006 deadline for filing Thurmond's petition. *See* http://www.txs.uscourts.gov. Therefore, Thurmond was not required electronically to file his petition at the time his petition was due. Jurists of reason would find it debatable whether the district court was correct in its holding that Thurmond's petition was time-barred. We therefore grant a COA on this issue.

The district court separately addressed the merits of Thurmond's claim. In his habeas petition, Thurmond argued that he received ineffective assistance of counsel during the punishment phase of his trial because his counsel failed to investigate and introduce evidence of his childhood abuse. Generally, Thurmond cites childhood experiences in which his father was physically and psychologically abusive toward the family. The district court held that it could not consider the claim because it was not properly exhausted in that Thurmond did not present the claim to the Texas state court, and further, that Thurmond's unexhausted claim did not fit within the exceptions to Texas's successive writ statute.

The Supreme Court has recognized "the important interest in finality served by state procedural rules, and the significant harm to the States that result from the federal courts to respect them," and this court remains cognizant of this important interest. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In this death penalty case, Thurmond challenges his counsel's scope of investigation into potentially mitigating evidence for purposes of the punishment phase of his trial. We find, on a close call, that failure to grant a COA to fully

---

to be submitted by electronic means." Resp. Opp. to Appl. for COA (filed Jul. 11, 2008). Respondent also cited the Administrative Procedures, although it was fully aware that those procedures were not effective at the time Thurmond's petition was due. Lamentably, the Respondent did not verify this claim before submitting it to this court.

review the merits of Thurmond's claim may result in a fundamental miscarriage of justice. *Cf. id.* ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). "In death penalty cases, any doubts as to whether the COA should issue are resolved in favor of the petitioner." *Gomez v. Quarterman*, 529 F.3d 322, 326 (5th Cir. 2008) (citation omitted). We therefore grant a COA with regard to Thurmond's claim of ineffective assistance of counsel with respect to the failure to investigate and introduce mitigating evidence at the punishment phase of his trial.

In his habeas petition, Thurmond also raised as a separate issue the ineffective assistance of counsel claim as it relates to any alleged procedural bar based on exhaustion. We construe this claim as Thurmond's explanation of the cause for the procedural default of his first claim,[2] and therefore need not issue a separate COA on this issue.

## III. Conclusion

For the foregoing reasons, we grant a COA with regard to the district court's procedural ruling and Thurmond's ineffective assistance of counsel claim. In this death penalty case, we have resolved our doubts in favor of granting a COA. We express no view on how any claims should be resolved upon full consideration of the merits. The parties are ordered to file briefs addressing the COA in accordance with a briefing schedule to be issued by the Clerk of Court.

COA GRANTED.

---

[2] The district court stated that it was not clear whether Thurmond intended the second claim as a freestanding claim for relief, cause for the procedural default, or both.