# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2011

No. 08-70008

Lyle W. Cayce
Clerk

KEITH STEVEN THURMOND,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
(4:06-CV-2833)

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keith Steven Thurmond was convicted of capital murder and sentenced to death in Texas state court. After his conviction was affirmed on direct appeal and his state habeas petition was denied, he sought federal habeas relief under 28 U.S.C. § 2254. His sole claim for relief in the district court was not raised in his state court proceedings. The district court denied Thurmond's federal habeas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-70008

petition and we granted a certificate of appealability (COA).  Concluding now that Thurmond's claim is procedurally defaulted, we AFFIRM.

I.

Thurmond was convicted and sentenced to death for the 2001 murders of Sharon Anne Thurmond, his wife, and Guy Sean Fernandez.  We described the underlying facts in our opinion granting Thurmond the COA:

> Sharon Thurmond separated from her husband a few months before the murder.  She took their child and moved across the street to live with Guy Sean Fernandez.  The day of the murders, deputies served Thurmond with a protective order and placed his six-year-old son in the custody of his wife.  Thurmond was unhappy that his wife was living across the street with another man.  After the deputies left with the child, Thurmond became very upset.  He then shot and killed both victims.

*Thurmond v. Quarterman* (*Thurmond I*), 341 F. App'x 40, 42 (5th Cir. 2009).  In 2004, Thurmond filed a direct appeal to the Texas Court of Criminal Appeals, and a state habeas petition in the trial court.  The Texas Court of Criminal Appeals affirmed his conviction, *Thurmond v. State*, No. AP-74493, 2004 WL 3093610 (Tex. Crim. App. Nov. 17, 2004), and later affirmed the denial of state habeas relief, *Ex parte Thurmond*, No. 62,425-01 (Tex. Crim. App. Aug. 31, 2005).

With the appointment of new counsel, Thurmond filed the underlying petition in the district court.  He raised a single claim for relief: that his trial counsel was constitutionally ineffective at sentencing for failing to investigate and present mitigating evidence.  His claim, arising under *Wiggins v. Smith*, 539 U.S. 510 (2003), was raised for the first time in his federal habeas petition; it was not raised in Thurmond's state filings.  Respondent Rick Thaler moved for summary judgment on the grounds that Thurmond's petition was untimely filed; the *Wiggins* claim was procedurally defaulted; and, in any event, the claim

No. 08-70008

lacked merit.  The district court agreed that Thurmond's petition was untimely filed and that his *Wiggins* claim was procedurally defaulted.  Declining to address the merits of Thurmond's claim for relief, the district court granted Respondent's motion and denied Thurmond's petition.

We granted Thurmond a COA on the two issues reached by the district court: (1) whether Thurmond's petition was time-barred under 28 U.S.C. § 2244(d); and (2) whether Thurmond was entitled to review on the merits of his *Wiggins* claim.  *Thurmond I*, 341 F. App'x at 44.

## II.

We review de novo the district court's grant of summary judgment denying a state petitioner's request for federal habeas relief.  *Goodrum v. Quarterman*, 547 F.3d 249, 255 (5th Cir. 2008).  Additionally, we review the district court's legal conclusions de novo and its findings of fact for clear error.  *Id.*  Whether a petitioner has procedurally defaulted on a claim is a legal conclusion we review de novo.  *Coleman v. Dretke*, 395 F.3d 216, 220 (5th Cir. 2004).

A federal court may not grant habeas relief unless the petitioner has "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A); *Woodfox v. Cain*, 609 F.3d 774, 793 (5th Cir. 2010).  If a petitioner fails to exhaust his claims in state court, "and the court to which the [petitioner] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred due to the [petitioner]'s own procedural default, federal courts are barred from reviewing those claims."  *Id.* (internal quotation marks omitted); *see also Magwood v. Patterson*, 130 S. Ct. 2788, 2801 (2010) ("A petitioner may not raise in federal court an error that he failed to raise properly in state court in a challenge to the judgment reflecting the error.  If a petitioner does not satisfy the procedural requirements for bringing an error to the state court's

3

attention—whether in trial, appellate, or habeas proceedings, as state law may require—procedural default will bar federal review.").

A petitioner overcomes the procedural bar on nonexhaustion only if he demonstrates either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law"; or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Woodfox*, 609 F.3d at 793 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The "miscarriage of justice" exception applies where a petitioner is "actually innocent" of the substantive offense for which he was convicted, or "actually innocent" of the death penalty. *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (citing *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995); *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)). To establish actual innocence of the death penalty, the petitioner "must show by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law." *Sawyer*, 505 U.S. at 336. The inquiry "focus[es] on those elements that render a defendant eligible for the death penalty, and not on additional mitigating evidence that was prevented from being introduced as a result of a claimed constitutional error." *Id.* at 347.

Thurmond does not dispute that, having first raised his *Wiggins* claim in his federal habeas petition, he has failed to exhaust state remedies for the claim. Nor does he dispute that under Texas law, he is procedurally barred from going back to the state court to raise it.[1] Instead, Thurmond asserts that review of his *Wiggins* claim should not be foreclosed because of his state habeas counsel's "ineptness" in failing to exhaust the claim in state court. We construe this as an assertion that his state habeas counsel's ineffective representation was cause for

---

[1] Under Texas law, a subsequent application for habeas relief from a Texas capital prisoner is considered only in narrow circumstances. *See* TEX. CODE CRIM. PROC. art. 11.071, § 5(a).

the procedural default. Thurmond also argues that if his trial counsel had presented mitigating evidence of the violent and abusive conditions that plagued his childhood, the jury would have spared him the death penalty. On this basis, Thurmond contends that our failure to consider the merits of his claim would result in a fundamental miscarriage of justice.[2]

We conclude that Thurmond has not shown any valid grounds for overcoming the procedural bar on nonexhaustion. First, we dismiss outright Thurmond's suggestion that his state habeas counsel's ineffective assistance excuses his failure to exhaust. Incompetence of habeas counsel is not "cause" for an exception to the procedural bar. *Ruiz v. Quarterman*, 460 F.3d 638, 644 (5th Cir. 2006); *see also In re Goff*, 250 F.3d 273, 276 (5th Cir.2001) ("[I]neffective assistance of counsel in a post-conviction proceeding cannot serve as cause to excuse procedural default in a federal habeas proceeding."). Second, Thurmond does not argue that he is actually innocent of the underlying conviction or ineligible for the death penalty, as required to show that a fundamental miscarriage of justice would result from the procedural bar. Thurmond argues only that certain mitigating evidence would have swayed the jury, and not that, "but for a constitutional error, no reasonable juror would have found [him] eligible for the death penalty" under Texas law. *Sawyer*, 505 U.S. at 336. He therefore has not presented a valid ground to excuse his procedural default.

We thus conclude that Thurmond's *Wiggins* claim is procedurally defaulted. Because we rest our decision on a finding of procedural default, we decline to consider whether Thurmond's petition was untimely filed.[3]

---

[2] Attached to Thurmond's federal habeas petition was an affidavit from a mitigation specialist with the relevant evidence that Thurmond asserts would have persuaded the jury to spare him the death penalty.

[3] A summary of the district court's conclusion that Thurmond's petition was untimely filed appears in *Thurmond I*, 341 F. App'x at 43.

No. 08-70008

## III.

The district court's denial of Thurmond's federal habeas petition is AFFIRMED.