United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 7, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20326

———————————

CLYDE SMITH, JR.,

Petitioner-Appellant,

v.

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

———————————————————————————

Appeal from the United States District Court for the
Southern District of Texas, Houston
H-01-CV-4294

———————————————————————————

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner Clyde Smith, Jr., was convicted of capital murder in Texas and sentenced to death.

Smith filed a petition for a writ of habeas corpus in the United States District Court for the Southern

District of Texas pursuant to 28 U.S.C. § 2254. The district court denied Smith's petition. The

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court also *sua sponte* denied Smith a certificate of appealability ("COA"). Smith now requests a COA from this Court pursuant to 28 U.S.C. § 2253(c)(2). For the following reasons, Smith's Motion for a Certificate of Appealability is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

After Petitioner was convicted and his sentence imposed, the Texas Court of Criminal Appeals affirmed the conviction and sentence on direct appeal in 1996. Petitioner did not seek certiorari in the Supreme Court of the United States.

In 1997, Petitioner filed a state application for a writ of habeas corpus. The state trial-level habeas court, without holding an evidentiary hearing on Petitioner's claims, recommended to the Texas Court of Criminal Appeals that Petitioner's application be denied. In 2001, the Texas Court of Criminal Appeals agreed and denied Petitioner's application. Later that year, Petitioner filed the federal petition for a writ of habeas corpus, the denial of which he seeks to appeal, in the United States District Court for the Southern District of Texas.

Petitioner raised the same issues in the district court that he presents in his request for a COA. Petitioner's primary argument in the district court was that his state trial counsel was ineffective because that counsel failed to properly investigate abuse that Petitioner suffered as a child. Petitioner claims that evidence of this abuse should have been presented to the jury during the punishment phase of his trial, and that the failure to do so deprived him of his constitutional right to adequate counsel.

The district court did not fully consider all of the evidence presented to it by Petitioner. Petitioner submitted affidavits supporting his claim to the district court that were not presented to the state courts. The district court held that, although Petitioner "proceeds in federal court under the same constitutional provision and with the same general arguments as in state court, his failure to

2

raise a defensible and supported claim in state court, combined with his choice to provide this Court with substantial previously-discoverable evidence, render his reliance on the affidavits unexhausted." Mem. Op. and Order at 23 (Mar. 10, 2003) (Dist. Ct. Doc. 25); *see Barrientos v. Johnson*, 221 F.3d 741, 761 (5th Cir. 2000). Because Petitioner did not show cause and prejudice to overcome the procedural bar to the district court consideration of the unexhausted material, the district court disregarded the material. *See Goodwin v. Johnson*, 132 F.3d 162, 190 (5th Cir. 1997). Accordingly, the district court looked only to the evidence presented to the state courts and, based upon that evidence, denied the petition.

## II. STANDARD OF REVIEW

Smith filed his Section 2254 petition for a writ of habeas corpus after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The petition, therefore, is subject to the procedures imposed by the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

Under the AEDPA, a petitioner must obtain a COA before an appeal can be taken to this Court. *See* 28 U.S.C. § 2253(c)(2) (2003); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). "[W]hen a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, the court of appeals should limit its examination to a threshold inquiry into the underlying merit of his claims." *Miller-El*, 537 U.S. at 327. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 336.

A COA will be granted if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2003). "A petitioner satisfies this standard by

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342. "Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id*. at 338. Finally, "[b]ecause the present case involves the death penalty, any doubts as to whether a COA should issue must be resolved in [Petitioner's] favor." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

Though the district court did address the merits of the petition, the court did so after excluding evidence presented to it. The district court held that the presentation of such evidence was procedurally barred because the evidence was partially unexhausted in state court. The district court made its substantive determination based upon less than all of the information available to it. If the procedural ruling was incorrect, then the district court did not fully reach Petitioner's underlying constitutional claim. The district court's denial of Petitioner's application, therefore, is properly characterized as a procedural denial. "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue (and an appeal of the district court's order may be taken) if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

## III. ANALYSIS

### *a. Foreclosed issues*

Petitioner bases his petition for a writ of habeas corpus upon five issues. Petitioner concedes that four of the issues are foreclosed by directly contrary Fifth Circuit precedent that binds this panel. As such, it is not debatable that these claims would fail on appeal to a panel of this Court. Accordingly, Petitioner raises the foreclosed issues only to preserve them for possible *en banc* or Supreme Court review. The foreclosed issues are: 1) that Petitioner's property was seized in violation of the Fourth Amendment and statements he made to Police resulted from that seizure, and the state trial court erred by not excluding the evidence, 2) that the state trial court refused to inform the jury that Petitioner would have been required to serve a minimum of 35 years in prison before he would have become eligible for parole had he been sentenced to life imprisonment, 3) that the state trial court did not require the State to prove a lack of mitigating circumstances beyond a reasonable doubt, and 4) that the state trial court limited the concept of mitigation to factors that render a defendant less "morally blameworthy" for the offense charged. We agree that these issues are foreclosed as conceded in Petitioner's brief and deny the request for a certificate of appealability with respect to the same.

### *b. Ineffective assistance of counsel*

The single issue Petitioner does not concede as being foreclosed is Petitioner's claim that his trial counsel was ineffective at the punishment stage of his trial for failing to investigate and present evidence of Petitioner's childhood abuse. We review this claim under the two-pronged *Slack* test. *See Slack*, 529 U.S. at 478.

5

*1. Debatability of whether there is a valid claim of the denial of a constitutional right*

To prevail on a claim of ineffective assistance of counsel, Petitioner must show (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). The district court noted that had it considered all of the evidence presented to it, the court's determination as to the first prong would have been a more difficult question. *See* Mem. Op. and Order at 30 n16 (Mar. 10, 2003) (Dist. Ct. Doc. 25). We agree with the district court and hold that resolution of the first *Strickland* prong is debatable.

The district court also noted, however, that Petitioner suffered no constitutional prejudice as a result of any deficiency. *See* Mem. Op. and Order at 31-32 n.17 (Mar. 10, 2003) (Dist. Ct. Doc. 25). This second-prong analysis is, however, debatable. Citing our case law, the district court acknowledged that the prejudice inquiry is very difficult. *Id.* (quoting *Tucker v. Johnson*, 242 F.3d 617, 623 (5th Cir. 2001)). Moreover, the district court's analysis in this respect was cursory because, under the district court's analysis, this was not the lynchpin issue. Therefore, prior to the exclusion of evidence, and without undertaking a full review of the issue, "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 478. Petitioner has satisfied the first requirement of the *Slack* COA analysis.

*2. Debatability of the district court's procedural ruling*

"[S]upplemental evidence that does not 'fundamentally alter the legal claim already considered by the state courts' does not 'require that the [habeas petitioner] be remitted to state court for consideration of that evidence.'" *Anderson v. Johnson*, 338 F.3d 382, 388 n.24 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 262 (1986)). "[W]hether evidence 'fundamentally alters' or merely

'supplements' the state petition is an inquiry that is, by necessity, case and fact specific." *Id.*

The district court noted that Petitioner "proceeds in federal court under the same constitutional provision and with the same general arguments as in state court." Mem. Op. and Order at 23 (Mar. 10, 2003) (Dist. Ct. Doc. 25). In reaching its partial exhaustion holding, the district court found that Petitioner did not support his claim whatever in state court. We note, however, that the state habeas court did not hold an evidentiary hearing. Even when claims are in a stronger evidentiary position in the federal habeas proceedings than they were in the state court proceedings, the issue may still be exhausted. *See Anderson*, 338 F.3d at 388. "Exhaustion requires only that the federal claim has been fairly presented to the state's highest court before a petitioner pursues federal relief." *Id.* at 388 n.22. This is a qualitative question that we can not dispose of with any degree of certainty in our ruling without subjecting the claim to full review. While the district court may have been correct in its analysis, with the limited review we must undertake at the COA stage, the correctness of the district court's procedural ruling is debatable. Petitioner, then, has satisfied the second prong of the two-pronged *Slack* COA analysis.

## IV. CONCLUSION

Petitioner has satisfied this Court that reasonable judges would find it debatable whether the district court was correct in its procedural ruling excluding evidence that tended to indicate his trial counsel was ineffective. Likewise, in light of the debatability of the procedural ruling, Petitioner has satisfied the Court that reasonable judges would find it debatable whether the petition states a valid claim of the denial of a constitutional right. A COA must issue, therefore, as to Petitioner's claim of ineffective assistance of counsel so that this Court may fully review the issue. Petitioner's other claims are not debatable under this Court's precedent.

7

Petitioner's Motion for Certificate of Appealability is GRANTED IN PART.  Petitioner may appeal to this Court the district court's denial of his application for a writ of habeas corpus with respect to his ineffective assistance of counsel claim,  including the district court's procedural ruling that it could not consider certain evidence because the evidence was unexhausted in state court. In all other respects, Petitioner's Motion for Certificate of Appealability is DENIED.

GRANTED IN PART.  DENIED IN PART.