**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 04-70004

KENNETH WAYNE MORRIS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

Before HIGGINBOTHAM, DeMOSS, and DENNIS, Circuit Judges.

DeMOSS, Circuit Judge:

Petitioner Kenneth Wayne Morris ("Morris"), a Texas inmate sentenced to die for the crime of capital murder, seeks a certificate of appealability ("COA") from this Court on two issues. First, Morris seeks review of whether the presentation of a factually stronger habeas claim always mandates a dismissal without prejudice based on the exhaustion principle. Second, Morris seeks review of whether the district court has any equitable remedy that would permit him to both return to state court for exhaustion and also protect his right to return to federal court after the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

statute of limitations, 28 U.S.C. § 2244(d)(1)(C), has expired.[1] This Court finds the district court's exhaustion ruling debatable and thus grants Morris's request for issuance of a COA on that issue. We dismiss Morris's petition for COA on the issue of an available equitable remedy; that issue is not ripe for review at this time because the district court has not actually granted Morris any equitable remedy.

## BACKGROUND

In December 1993 Morris was convicted and sentenced to death for the capital offense of murdering James Moody Adams. On direct appeal, the Texas Court of Criminal Appeals affirmed Morris's conviction and sentence; the Supreme Court of the United States denied *certiorari*. The Texas Court of Criminal Appeals ("TCCA") then denied Morris's application for writ of habeas corpus. In April 2000 Morris initiated federal habeas proceedings. The district court denied Morris habeas relief and denied him a COA. This Court also denied Morris a COA. Morris did not seek *certiorari* review in the Supreme Court. Texas set an execution date of April 15, 2003.

On June 20, 2002, the Supreme Court held that the Eighth Amendment protects against the execution of mentally retarded defendants. ***Atkins v. Virginia***, 536 U.S. 304, 321 (2002). On

---

[1]Respondent does not separately address this issue in its response opposing issuance of a COA.

April 10, 2003, within ten months after **Atkins** was decided, Morris filed a successive application for writ of habeas corpus in state district court, claiming that **Atkins** barred his execution because he suffered from mental retardation. Morris supported his claim of retardation with affidavits from family members and friends; notes from a mental health expert appointed for his trial; partial school records; and an affidavit from psychologist Dr. Richard Garnett who offered his professional opinion that there were "sufficient indicators to suggest that Morris has mental retardation, and should be allowed the opportunity for a full assessment and evaluation." The TCCA dismissed Morris's successive state habeas application as an abuse of the writ on April 14, 2003.

On April 15, 2003, Morris filed a request with this Court for authorization to file a successive federal habeas petition. Morris based his request on the same information he presented in the state courts. This Court stayed Morris's execution and tentatively granted his motion to file a successive petition. We held that Morris had made a *prima facie* showing that: (1) the claim to be presented in the proposed successive habeas application had not been previously presented in any prior application to this Court; (2) such claim relied on a previously unavailable new rule of constitutional law, which had been made retroactive to cases on collateral review by the Supreme Court; and (3) he should be categorized as mentally retarded. *In re Morris*, 328 F.3d 739, 740-

3

41 (5th Cir. 2003). Our authorization for Morris to file his successive habeas petition was tentative in that it was dependent on the district court finding that AEDPA's requirements for such filing had been met. *Id.* at 741 (citing 28 U.S.C. § 2244(b)(4)).

On April 28, 2003, Morris moved the district court for appointment of counsel and approval of the retention of expert and investigative assistance; the court granted this motion on May 20, 2003. Morris then filed a skeletal petition for writ of habeas corpus in federal district court on May 30, 2003, which he amended on July 7, 2003, with consent of the district court. This petition raised the sole issue of whether *Atkins*' constitutional bar against execution of the mentally retarded applied to Morris. In addition to the evidence previously presented in the state courts and the Fifth Circuit, Morris presented other evidence supporting his retardation claim to the district court, including an affidavit from clinical psychologist Dr. Susana A. Rosin who recently tested Morris's I.Q. and level of functioning and diagnosed him with mental retardation; a second affidavit from Dr. Rosin which refuted Respondent's claim that Morris was malingering during the testing; a new affidavit from Dr. Garnett opining that his review of Dr. Rosin's findings strengthens his opinion that Morris is mentally retarded and recommending that a court hold a full hearing into the retardation issue; two affidavits from James R. Patton, who holds a doctorate in special education and disabilities, opining that

4

Morris functions intellectually and adaptively within the mentally retarded range and that this condition predated his 18th birthday; affidavits from Morris's original trial counsel stating that they never asked their mental health expert to test Morris for mental retardation; a document purportedly signed by Jerome Brown, a mental health expert appointed to assist with trial preparation, stating that he performed no formal intellectual testing of Morris in connection with his evaluation; and another document purportedly signed by Dr. Garnett reconfirming his diagnosis of Morris as mentally retarded.

The district court denied Respondent's motion to dismiss and accepted Morris's successive federal petition under 28 U.S.C. § 2244(b); denied Respondent's motion for summary judgment; and dismissed Morris's amended petition without prejudice in an order entered December 5, 2003. In that order the district court determined that because Morris had not presented his *Atkins* claim to the state courts in its current state – supported with "substantive evidence" – the state courts did not have a fair opportunity to apply *Atkins* to the substance of Morris's now better documented habeas claim. Therefore, Morris had not exhausted his *Atkins* claim. *See* 28 U.S.C.A. § 2254(b)(1)(A) (West 2004). The district court indicated, however, that it would equitably toll the time Morris will have spent in federal court should he return after having exhausted any available state court remedies. On January 7,

5

2003, the district court entered an order denying Morris's motion to alter or amend judgment under Rule 59(e), or alternatively for the issuance of a COA. Morris then noticed his appeal and filed a request for COA with this Court.

## DISCUSSION

Morris filed his Section 2254 petition for a writ of habeas corpus after the effective date of AEDPA. Therefore, his petition is subject to the procedures imposed by AEDPA; Morris's right to appeal is governed by the COA requirements of § 2253(c). *See **Slack v. McDaniel***, 529 U.S. 473, 478 (2000).

Under AEDPA, a petitioner must obtain a COA before an appeal can be taken to this Court. 28 U.S.C.A. § 2253(c) (West 2004); *see also **Miller-El v. Cockrell***, 537 U.S. 322, 336 (2003) ("[U]ntil a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners."). When a habeas petitioner requests permission to seek appellate review of the dismissal of his petition, this Court limits its examination to a "threshold inquiry into the underlying merit of his claims." ***Miller-El***, 537 U.S. at 327.

A COA will be granted if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2004). Meeting this standard requires a petitioner to demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

6

been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations and citation omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Id.* at 338.

When the district court denies a petitioner's petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue if the petitioner demonstrates both that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling *and* that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 478. Here, because this case involves the death penalty, "any doubts as to whether a COA should issue must be resolved in [Morris's] favor." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).

**Whether a COA should issue on the district court's finding that Morris had not exhausted his *Atkins* claim in the state courts.**

Section 2254 provides that habeas relief shall not be granted on unexhausted claims. 28 U.S.C.A. § 2254(b)(1)(A) (West 2004). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

7

"[A]s a general rule dismissal is not required when evidence presented for the first time in a habeas proceeding *supplements*, but does not *fundamentally alter*, the claim presented to the state courts." ***Anderson v. Johnson***, 338 F.3d 382, 386-87 (5th Cir. 2003) (internal quotation marks and citation omitted); *see also* ***id.*** at 388 n.24 (citing ***Vasquez v. Hillery***, 474 U.S. 254, 262 (1986)).

For example, in ***Anderson***, where the highest state court denied Anderson's petition without holding an evidentiary hearing, even though he presented more and stronger evidence (an affidavit from a key eyewitness not called at his trial), this Court determined that the new evidence did not "fundamentally alter" his ineffective assistance of counsel ("IAC") claim and therefore held that Anderson had properly exhausted. 338 F.3d at 388-89; *see also* ***Dowthitt v. Johnson***, 230 F.3d 733, 746 (5th Cir. 2000) (finding that Dowthitt had exhausted his IAC mental illness claim where he had presented assertions of his paranoia and schizophrenia to the state courts, even though he later offered additional affidavits by mental health experts to the federal court that were not previously presented to the state courts).

However, a petitioner fails to exhaust available state remedies when he presents "*material* additional evidentiary support that was not presented to the state court." ***Anderson***, 338 F.3d at 386 (quoting ***Graham v. Johnson***, 94 F.3d 958, 968 (5th Cir. 1996)). "[E]vidence that places the claims in a significantly different

8

legal posture must first be presented to the state courts."
***Anderson***, 338 F.3d at 387 (internal quotation marks and citation omitted); *see, e.g.,* ***Graham***, 94 F.3d at 965, 969 (5th Cir. 1996) (concluding that Graham's new offering of several affidavits of alibis and eyewitnesses, a police report, two psychologist reports, and a firearms report to the federal court but not the state courts rendered his IAC and actual innocence claims unexhausted). The exhaustion inquiry that courts perform – determining whether additional evidence fundamentally alters or merely supplements the state petition – is necessarily case and fact specific. ***Anderson*** 338 F.3d at 386, 338 n.24.

Exhaustion may be excused. "A petitioner may overcome such a procedural default [lack of exhaustion], however, and obtain federal habeas corpus review of his barred claims on the merits, if he can demonstrate cause for the defaults and actual prejudice." ***Martinez v. Johnson***, 255 F.3d 229, 239 (5th Cir. 2001). A petitioner may also overcome a procedural default if he can show that "failure to consider the claims will result in a fundamental miscarriage of justice." ***Barrientes v. Johnson***, 221 F.3d 741, 758 (5th Cir. 2000) (quoting ***Coleman v. Thompson***, 501 U.S. 722, 750 (1991)). Also, "exhaustion is not required if it would plainly be futile." ***Graham***, 94 F.3d at 969 (citation omitted).

Here, Morris first argues that [his] "claim of mental retardation was presented to the state courts and they refused to

rule on that claim on the merits." That is, the TCCA dismissed his claim on a procedural ground rather than denying it on the merits; thus, his *Atkins* claim is exhausted in the state courts. Morris alternatively argues that he meets the standard for showing cause because the state court refused to hear his *Atkins* claim and also did not permit him to develop adequate evidence supporting his claim of mental retardation. Morris asserts actual prejudice is met because when the state courts did not allow him to establish that the death penalty could not constitutionally be applied to him, this resulted in a miscarriage of justice. At the district court level, Morris raised the following: the TCCA arbitrarily applied its procedural default rules and so its failure to follow Section 5 of Article 11.071 of the Texas Code of Criminal Procedure cannot serve as an independent and adequate state procedural bar to his *Atkins* claim in federal court; every new fact brought in federal court does not render a claim unexhausted; and even if such additional factual information alters a claim to such an extent that the state courts have not had a fair opportunity to consider it, the district court can consider if Morris meets any equitable exceptions to exhaustion, such as cause and prejudice or futility.[2]

Respondent basically argues that the district court was correct in finding that the new evidence Morris sought to present

---

[2]These arguments are laid out in Petitioner's Reply Argument to the Respondent's Brief in Opposition to the Petitioner's Funding Request.

10

in federal court rendered his claim unexhausted, that the district court implicitly found that Morris could not meet any exception to exhaustion, and that reasonable jurists could not debate this. At the district court level, Respondent argued that Morris's abuse of the writ constituted an independent and adequate state procedural bar; Morris did not provide the state courts with *bona fide* evidence of his mental retardation claim to merit subsequent review; and any evidence the district court allowed Morris to investigate and uncover would be unexhausted.

There is no doubt, as Morris concedes, that Morris's **Atkins** claim is now amplified by the factual evidence that has been developed in the course of his successive federal habeas proceeding. The district court determined that Morris's additional evidence significantly expanded the nature of his **Atkins** claim. However, while now admittedly armed with test results and expert affidavits, Morris proceeds in federal court under the exact constitutional provision and with the same legal argument as he had in the state courts. Further, the district court did not directly discuss or address whether Morris met any equitable exception to exhaustion; indeed, the court did not mention such exceptions at all.[3]

---

[3]The court also stated its decision was influenced by the "unsettled nature of Atkins jurisprudence" in Texas courts, which has been recently addressed by the TCCA. *See **Ex Parte Briseno***, 135 S.W.3d 1, 8-10 (Tex. Crim. App. 2004) (determining that the mental retardation finding is not constitutionally required to be

The district court may have been correct in its exhaustion analysis. Yet in light of the extremely case- and fact-specific nature of the exhaustion inquiry, the correctness of the district court's procedural ruling is debatable by reasonable jurists. *See Slack*, 529 U.S. at 478. Also, based on a threshold review of Morris's petition, and keeping in mind that this Court has previously found Morris to have set forth a *prima facie* showing of mental retardation, *Morris*, 328 F.3d at 741, and that the district court when accepting submission of his successive habeas petition noted that "Morris's pleadings show an I.Q. score and related deficiencies that would arguably prevent his execution under Atkins," reasonable jurists would also find it debatable that Morris's petition states a valid claim of the denial of a constitutional right based upon *Atkins*. *See Slack*, 529 U.S. at 478. Thus, we grant Morris a COA on the exhaustion issue.

**Whether a COA should issue on whether the district court has any equitable remedy that would toll the time Morris will have spent in and protect his right to return to federal court.**

Because the district court here only stated that it intended to equitably toll Morris's time spent in federal court but did not and could not actually toll that time until an unknown later date, this Court finds that the district court's indication to make a

---

made by a jury and the petitioner bears the burden of proof by a preponderance of the evidence to establish that he is "mentally retarded" under the American Association on Mental Retardation or the Texas Health and Safety Code § 591.003(13) criteria).

12

possible future decision regarding the application of equitable tolling is not an issue ripe for review. *See, e.g.,* **Monk v. Huston**, 340 F.3d 279, 282 (5th Cir. 2003) (noting general ripeness principles direct courts to dismiss a case or issue for lack of ripeness if it is abstract or hypothetical). Thus, we dismiss Morris's petition for COA on the issue of an available equitable remedy.

## CONCLUSION

Morris has satisfied this Court that reasonable jurists would find it debatable whether the district court was correct in its procedural ruling that found Morris's **Atkins** claim unexhausted. Likewise, Morris has satisfied this Court that reasonable jurists would find it debatable whether his habeas petition based on **Atkins** states a valid claim of the denial of a constitutional right. However, this Court concludes that the district court's indication that it would equitably toll Morris's time spent in federal court if he returns to federal court is not a decision ripe for our review. For the reasons set forth above, we therefore GRANT Morris's application for COA on the issue of exhaustion but DISMISS his application for COA on the issue of whether an equitable remedy exists.

We further instruct the Clerk to set a briefing schedule on the exhaustion issue and advise this panel when briefing is complete so that oral argument can be scheduled as the panel so

13

desires.  We further request that the parties address the following questions in their briefs:  whether Morris's presentation of additional evidence of mental retardation in federal court beyond that which he presented in the state courts is exhausted because it only supplemented his state *Atkins* claim or is unexhausted because it fundamentally altered his state *Atkins* claim; and if Morris's claim is unexhausted, whether he has met any exception to excuse exhaustion.

COA **GRANTED** in part; and **DISMISSED** in part.