United States Court of Appeals
Fifth Circuit

**F I L E D**

June 8, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————

No. 03-20326

————

CLYDE SMITH, JR.,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeals from the United States District Court
for the Southern District of Texas, Houston
H-01-CV-4294
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

In an earlier opinion, this Court granted Petitioner Clyde Smith, Jr., a Certificate of

Appealability to appeal the district court's summary judgment denial of his petition for writ of

habeas corpus. *See Smith v. Dretke*, 89 Fed. Appx. 859 (5th Cir. 2004) (per curiam).

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1

Accordingly, Petitioner filed the instant appeal. For the following reasons, we affirm the district court's grant of summary judgment.

## I. Background

Petitioner Clyde Smith, Jr., was convicted of capital murder in Texas and sentenced to death. Petitioner did not seek certiorari review in the Supreme Court of the United States. In 1997, Petitioner filed a state application for a writ of habeas corpus. Among other arguments presented in his state habeas application, Petitioner claimed that his trial counsel's failure to present mitigating evidence of Petitioner's childhood abuse during the punishment phase of trial denied him his Sixth Amendment right to effective assistance of counsel. Without holding an evidentiary hearing on Petitioner's claims, the state trial-level habeas court recommended to the Texas Court of Criminal Appeals that Petitioner's application be denied. In 2001, the Texas Court of Criminal Appeals followed that recommendation and denied Petitioner's application. Later that year, Petitioner filed a federal petition for a writ of habeas corpus, the denial of which he seeks to appeal, in the United States District Court for the Southern District of Texas.

In the habeas proceedings before the district court, Petitioner again argued that his trial counsel rendered ineffective assistance by failing to present mitigating evidence of childhood abuse to militate against a death sentence. In support of that claim, he submitted several affidavits and other documents not presented to the state court.

Affidavits from Petitioner's brother and mother described Petitioner's disturbing childhood and attested that each affiant would have appeared in court to testify at trial if asked. Similarly, an affidavit from Petitioner himself gave an account of his childhood and described the scant contact he had with trial counsel and his meeting with trial counsel's investigator, in which

2

the investigator did not ask about Petitioner's childhood and Petitioner did not offer any information about his childhood. Two letters written by Petitioner, one addressed to federal habeas counsel and another to state habeas counsel, document Petitioner's childhood in detail.

Also included in the evidence were two letters addressed to Petitioner from the State Bar of Texas. One acknowledges receipt of Petitioner's complaint regarding trial counsel, and the other notifies Petitioner that the complaint does not sufficiently allege professional misconduct. A letter from Petitioner to the judge presiding over Petitioner's trial expresses concern over the amount of contact between trial counsel and Petitioner. Petitioner also submitted the investigative report and invoice from the investigation company hired by trial counsel. The report summarizes the investigator's actions and lists possible witnesses and the information they might provide at trial. While the report is devoid of any mention of abuse, it refers to statements given by Reverend E. T. Wade, with whom Petitioner had lived briefly, indicating that Petitioner had a difficult relationship with his mother. The invoice shows that trial counsel was billed a total of $600 for the entire investigation.

In another affidavit submitted with Petitioner's federal habeas petition, a mitigation specialist from Capital Punishment Investigation & Educational Services ("CPIES") who conducted an investigation for Petitioner's federal habeas petition catalogues the individuals to whom she was referred by Petitioner, the ease with which she located them, and the information they provided. The director of investigation at CPIES stated in a separate affidavit that the investigation done by trial counsel and his hired investigator was incomplete and inadequate.

Petitioner also submitted an affidavit from trial counsel that was originally submitted by Respondent in the state habeas petition. In his affidavit, trial counsel acknowledges that he knew

3

Petitioner had a difficult relationship with his mother and that any information regarding an abusive childhood might have been important at the punishment phase of trial. However, he asserts that his thorough investigation revealed no such information.

The district court held that Petitioner's failure to present the affidavits and other evidence described above to the state habeas court rendered them unexhausted. Accordingly, the district court disregarded the additional evidentiary materials, looking only to the evidence presented to the state courts. Based upon that evidence, the district court granted Respondent's motion for summary judgment and denied the petition for habeas corpus.

We subsequently granted Petitioner leave to appeal "the district court's denial of his application for a writ of habeas corpus with respect to his ineffective assistance of counsel claim, including the district court's procedural ruling that it could not consider certain evidence because the evidence was unexhausted in state court." *Smith*, 89 Fed. Appx. at 863.

## II. Discussion

Petitioner contends that the district court erred in reviewing only the affidavits and evidence presented to the state habeas court. He claims that as a result of that error, the district court incorrectly adjudicated the merits of his ineffective assistance of counsel claim in granting Respondent's motion for summary judgment. As explained below, we agree that the district court erred in its determination that it could not consider any of the affidavits presented to it. However, we nonetheless affirm the judgment of the district court because Petitioner's additional evidence does not alter the disposition of his ineffective assistance of counsel claim.

### A. Consideration of Additional Evidence

We first consider the question whether Petitioner's claim of ineffective assistance of

4

counsel was partially unexhausted as determined by the district court. "Whether a federal habeas petitioner has exhausted state remedies is a question of law reviewed de novo." *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

Under 28 U.S.C. § 2254(b)(1), a federal habeas petitioner must fully exhaust remedies available in state court before proceeding to federal court. *Id.* Thus, only if the substance of a petitioner's claim was fairly presented to the state habeas court may a federal court consider that claim. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). Petitioner asserts that his claim of ineffective assistance of counsel was sufficiently exhausted in state court to warrant consideration of the additional evidence presented to the federal habeas court. He also argues that, to the extent his claim was not exhausted in state court, the failure to do so was excused by the state court's improper denial of an evidentiary hearing. We treat each argument in turn.

## 1. Exhaustion of State Remedies

As stated above, the substance of a petitioner's claim must first be fairly presented to the state habeas court before a federal court may consider that claim. *See* 28 U.S.C. §2254(b)(1); *Morris*, 379 F.3d at 204. The exhaustion requirement is not satisfied if the petitioner submits new factual allegations or new legal theories to the federal habeas court. *Anderson*, 338 F.3d at 386. *See also Dowthitt v. Johnson*, 230 F.3d 733, 746 (5th Cir. 2000). However, "dismissal is not required when evidence presented for the first time in a habeas proceeding *supplements*, but does not *fundamentally alter*, the claim presented to the state courts." *Anderson*, 338 F.3d at 386-87 (quoting *Caballero v. Keane*, 42 F.3d 738, 741 (2d Cir. 1994)) (emphasis added). The determination of whether a petitioner has exhausted state remedies is a case- and fact-specific

5

analysis. *Morris*, 379 F.3d. at 205.  In determining whether the evidence presented by Petitioner for the first time in federal court is merely supplemental, we turn to our recent opinions on the subject.

In *Anderson v. Johnson*, the petitioner claimed he had received ineffective assistance of counsel based on trial counsel's failure to interview and present testimony of a certain eye-witness to the murder for which the petitioner was convicted. 338 F.3d at 385.  In his state petition, Anderson asserted that, had trial counsel interviewed the eye-witness, she would have attested that the defendant was not the shooter. *Id.* at 388.

In his federal petition, Anderson submitted an affidavit from the eye-witness in which she stated that the Anderson was not the shooter. *Id.* at 385.  Because Anderson had been very specific in his allegations in state court and the affidavit only confirmed those very specific allegations, we concluded that Anderson had not fundamentally altered his claim. *Id.* at 388. Rather, he had only supplemented his claim. *Id.*  We also noted that there was no evidence that Anderson had deliberately withheld the affidavit from the state courts:  "if the state court had held an evidentiary hearing, Gray's exculpatory testimony likely would have been elicited."  *Id.* at 389.

Similarly, in *Dowthitt*, the petitioner claimed that his counsel had been ineffective in failing to present a mitigation defense based on mental illness.  230 F.3d at 743.  In his state petition, Dowthitt submitted a form from a hospital indicating that the petitioner was diagnosed as having a "schizophrenic reaction" of a "chronic paranoid type."  *Id.*  Dowthitt also submitted a statement from an Air Force Sergeant recommending that Dowthitt be discharged from the Air Force because Dowthitt suffered "from some mental deficiency." *Id.* at 744.

In his federal petition, Dowthitt added declarations from two mental health experts hired

by habeas counsel. One declaration indicated that Dowthitt's "profile was consistent with paranoid and schizophrenic features," that Dowthitt suffered from depression, but that he was not sadistic or sociopathic. *Id*. The other stated that Dowthitt exhibited severe mental problems, that Dowthitt functioned well in the prison environment, and that the trial mental health expert had not done an adequate examination of Dowthitt. *Id.* We found that the new evidence did not render Dowthitt's claim unexhausted because "all crucial factual allegations were before the state courts. . . ." *Id.* at 746 (citation omitted). Furthermore, the affidavits only confirmed Dowthitt's claim in state court–that he had a mental illness of the schizophrenic, paranoid type. *Id.*

The petitioner in *Kunkle v. Dretke* argued in his state petition that he was denied effective assistance of counsel because trial counsel failed to present mitigating evidence regarding the petitioner's troubled home life and family history of mental illness. 352 F.3d 980, 986 (5th Cir. 2003). Kunkle's conclusory allegations were accompanied by an affidavit from trial counsel that simply averred there was abundant mitigating evidence of Kunkle's troubled home life and history of mental illness. *Id.* at 987. In his federal petition, Kunkle included an affidavit from his mother that detailed her mental illness, Kunkle's father's mental illness, and several instances of physical abuse that Kunkle suffered. *Id.* at 988 n.3. He also submitted a psychological report indicating that Kunkle had a thought disorder similar to schizophrenia, as well as other personality disorders. *Id.* at 988 n.4. We concluded that the addition of the report and affidavit detailing family mental illness and concrete instances of abuse presented "significant evidentiary support" not previously presented to the state court and that the state claim would have been substantially different in state court had Kunkle included more than the conclusory affidavit of trial counsel. *Id.* at 988. Thus, Kunkle had not exhausted his claims. *Id.*

From the opinions discussed above, we glean several factors that aid in a finding of exhaustion: there is no intentional withholding of evidence from state court; the state petition is very specific rather than vaguely conclusory as to petitioner's theory of ineffective assistance of counsel; additional evidence merely confirms what the petitioner specifically asserted in the state habeas proceeding; and all crucial facts were before the state court. The presence of those factors weigh in favor of finding that Petitioner has sufficiently exhausted his claim of ineffective assistance of counsel in state court such that certain portions of the additional evidentiary support presented to the district court may be considered.

*Petitioner's Intent*

First, there is no evidence that Petitioner intentionally withheld evidence in order to reserve it for federal court. To the contrary, like the state habeas court in *Anderson*, the state court did not hold an evidentiary hearing in which Petitioner could have presented the affidavits that he eventually submitted with his federal petition. While this did not prevent him from submitting those affidavits as attachments to his petition, it does suggest that Petitioner may have expected to substantiate his claims later on in the proceeding but was denied that opportunity.

*Specificity of State Habeas Petition*

Second, like the petitioners in *Anderson* and *Dowthitt*, Petitioner was specific in his state application as to the theory behind his claim. Petitioner claimed that his counsel was ineffective in violation of the Sixth Amendment for failure to present evidence of his violent childhood, either through Petitioner's or others' testimony. The state application was also specific in the facts it alleged. The application contained an account of his abusive mother's violent relationships with several different men, many of whom also beat Petitioner. Unlike the state habeas petition in

8

*Kunkle*, which lacked concrete incidents of abuse, Petitioner's state habeas petition catalogued a series of violent episodes he experienced or witnessed, including his step-father's attempted rape of Petitioner's sister; an incident in which his stepfather broke a stick across Petitioner's back while beating him; and his escape from his home and subsequent life on the streets. Petitioner argued that trial counsel should have called him or another witness to present Petitioner's history of abuse and asserted that, if he had been called to testify during the punishment phase of the trial, he would have related his childhood history.

*Nature of Evidence not Presented to State Habeas Court*

Third, several documents submitted by Petitioner with his federal habeas petition merely confirm what was alleged in the state habeas petition. Thus, they are merely confirm what was already alleged in the state habeas proceeding. However, because other filings submitted by Petitioner present new facts not alleged at the state habeas proceeding, they were properly disregarded by the district court. We discuss each piece of evidence in turn.

The affidavit of Petitioner's brother and mother merely substantiate Petitioner's claims in the state habeas proceeding. The affidavits present the history of divorce and turbulent relationships between Ruth Maye, Petitioner's mother, and various men. They describe the violence with which Maye and her boyfriends treated Petitioner and his siblings, with specific reference to some of the very incidents narrated in the state habeas petition. Likewise, the two letters written by Petitioner to state and federal habeas counsel recount Petitioner's childhood. The narration in these letters follows the outline of events included in the state habeas petition. In fact, it appears that the factual allegations in the state habeas petition were based on the letter to state habeas counsel. The information presented in these affidavits and letters, while not identical

9

to the allegations made in the state habeas petition, serve to confirm, rather than fundamentally alter, Petitioner's claim that he suffered an abusive childhood and that he or other witnesses would have testified regarding this information.

Petitioner's affidavit, inasmuch as it narrates his childhood, also merely confirms the allegations made in the state petition. The affidavit describes with further elaboration the abuse chronicled in his state application. However, the portions of that affidavit dealing with trial counsel's relationship and contact with Petitioner, while relevant to Petitioner's overall theory of ineffective assitance of counsel, present facts not alleged in the state habeas petition. Thus, those portions are more than supplemental and therefore unexhausted for purposes of federal review of the habeas petition.

The affidavits of the CPIES investigators, while supporting the same legal theory of ineffective assistance of counsel presented in the state habeas petition, provide new facts not alleged in the state habeas proceeding. They serve as evidence of the ease with which evidence of Petitioner's childhood could have been obtained and the inadequacy of trial counsel's investigation. The state habeas petition did not discuss trial counsel's *preparation for* trial, but focused solely on trial counsel's failings *at* trial. Similarly, the two letters from the Texas state bar regarding Petitioner's complaint about his trial counsel and the letter from Petitioner to the judge presiding over the trial do more than merely confirm what was alleged in the state habeas petition. These items evidence the lack of contact between Petitioner and his trial counsel, a topic which was not mentioned in the state petition at all. The investigative report of the investigator hired by trial counsel, along with its accompanying invoice, are equally concerned with a theme not discussed in the habeas petition–trial counsel's investigation into Petitioner's background.

10

The affidavit of trial counsel, while new to Petitioner's habeas petition, was presented to the state habeas court by Respondent. It thus merely reasserts facts already presented to the state court.

*Facts Available to State Courts*

Finally, as in *Dowthitt*, all crucial facts were before the state courts such that the inclusion of the documents supplementing Petitioner's state habeas petition would not fundamentally alter Petitioner's claim. The state court had sufficient information to ascertain whether Smith's trial counsel had improperly omitted evidence of Smith's childhood abuse and whether that omission may have changed the outcome of Petitioner's trial.

The state court could determine how aware of potential abuse trial counsel was. Petitioner specifically stated in an affidavit presented to the state court that he would have testified at trial regarding his violent childhood. Furthermore, the court knew that Petitioner's trial counsel was aware that Petitioner had a difficult relationship with his mother and had heard from an individual his investigator interviewed that Petitioner's mother was the reason that he had so many problems.

From the detailed account provided in the state petition, as well as trial counsel's sworn statement that if he had known of childhood abuse he would have presented that evidence, the court understood the extent of Petitioner's abuse and could therefore weigh whether that evidence would have influenced jurors.

## 2. Excusal of Failure to Exhaust State Remedies

Petitioner contends that, to the extent his claim is not exhausted, the state habeas court's failure to hold an evidentiary hearing excused his failure to exhaust. He contends that the district

court should have held an evidentiary hearing in which Petitioner could have further developed the facts relevant to his petition.

Under 28 U.S.C. § 2254(e)(2), an applicant that has failed to develop the factual basis of a claim in the State habeas proceedings may not obtain an evidentiary hearing in the federal habeas proceedings unless two conditions are met. First, the petitioner's claim must rely on a new rule of constitutional law, or, more relevant here, on a "a factual predicate that could not have been previously discovered through the exercise of due diligence." § 2254(e)(2)(A)(ii). Second, "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2254(e)(2)(B). These conditions on the grant of an evidentiary hearing, however, do not work against a petitioner unless the petitioner's failure to develop facts was due to "lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Dowthitt,* 230 F.3d at 758 (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)). This determination depends upon "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435.

Petitioner argues that his actions during the state habeas proceedings were sufficiently diligent to preclude application of § 2254(e)(2). He turns our attention to his requests for an evidentiary hearing in state court and the state court's denial of his requests. However, "mere requests for evidentiary hearings will not suffice." *Dowthitt*, 230 F.3d at 758 (upholding district court's denial of evidentiary hearing in federal district court where petitioner had not fully developed the facts relevant to his claim in the state habeas proceeding). The fact that Texas law

12

does not require the submission of affidavits with habeas applications and provides for evidentiary

hearings where the facts are controverted in no way prevented Petitioner from doing so.[1] In fact,

Respondent attached the affidavit of Petitioner's trial counsel with his response to Petitioner's

state habeas application. Thus, Petitioner's actions evidence a lack of diligence in his presentation

of his claims to the state habeas court; consequently, § 2254(e)(2) applies. Because there is no

evidence that an attempt to obtain and submit affidavits to the state habeas court would have been

in vain, Petitioner has not shown that the facts and evidence he now wishes to present to the

district court "could not have been previously discovered through the exercise of due diligence."

§ 2254(e)(2)(A)(ii). Consequently, § 2254(e)(2) prevented the district court from holding an

evidentiary hearing on Petitioner's claim of ineffective assistance of counsel.

## B. Ineffective Assistance of Counsel

Having determined what evidence was properly before the district court, we now turn to

the merits of Petitioner's ineffective assistance of counsel claim. In a habeas corpus appeal, we

review the district court's summary judgment de novo, applying the same standard of review to

---

[1]We are puzzled by the state habeas court's failure to hold an evidentiary hearing or otherwise request evidentiary support as contemplated by the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Art. 11.071 § 9(a). According to Article 11.071, section 9(a), a Texas court considering a habeas application must enter an order designating any controverted factual issues to be resolved. *Id.* Section 9(a) further provides that the court may resolve the issues through the submission of evidence and personal recollection of the applicant's trial. *id.* ("[T]he court may require affidavits, depositions, interrogatories, and evidentiary hearings and may use personal recollection.") The remaining subsections detail the procedure, timing, and other rules relating to an evidentiary hearing provided for in that section. *See* § 9(b)-(g). The state court did not hold an evidentiary hearing as requested by Petitioner but instead relied in part on personal recollection to find that Petitioner's trial counsel had presented sufficient mitigation evidence at trial. However, the state habeas court did not have any such personal recollection as it did not preside over Petitioner's trial. Petitioner's concerns regarding the lack of evidentiary hearing are understandable, but we reject Petitioner's argument that this requires us to reverse the judgment of the district court.

the state court's decision as applied by the district court. *Proctor v. Cockrell*, 283 F.3d 726, 729-30 (5th Cir. 2002)*; Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir.1998).

Because Petitioner filed his petition for federal habeas corpus relief after the date of the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104-132, 100 Stat. 1214 (codified as amended at 28 U.S.C. § 2254), we consider Petitioner's claims under the deferential approach provided by AEDPA. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). Under AEDPA, this Court cannot grant habeas relief on Petitioner's claims unless the state habeas court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Under § 2254(d)(1), a state habeas court may not base its decision on a rule of law contrary to one established by the Supreme Court or arrive at a result different from one of the Supreme Court on materially indistinguishable facts. *Williams*, 529 U.S. at 413. A state court decision is "an unreasonable application of clearly established" Supreme Court precedent under § 2254 if the state court "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-08. An unreasonable application of federal law is not simply an incorrect application of federal law. *Id.* at 410. *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). Rather, the application must be objectively unreasonable. *Id.* To prevail under § 2254(d)(2), a petitioner must rebut by clear and convincing evidence the presumption that a state court's factual findings are correct. *See* § 2254(e)(1) (providing that "a determination of a factual issue made by a State court shall be presumed to be

14

correct"); *Foster v. Johnson*, 293 F.3d 766, 776 (5th Cir. 2002).[2]

The applicable "clearly established federal law" in this case is the two-pronged inquiry provided in *Strickland v. Washington* for the adjudication of ineffective assistance of counsel claims, 466 U.S. 668 (1984). *See Anderson*, 338 F.3d at 390. Under *Strickland*, the defendant must show both that (1) counsel's performance was deficient and (2) the deficient performance resulted in prejudice to the defendant. *Strickland*, 466 U.S. at 687. As discussed below, Petitioner has failed to show that trial counsel was deficient. Consequently, his ineffective assistance of counsel claim must fail and we need not consider the second prong of the *Strickland* test. *Id.* at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one.").

To establish deficient performance under *Strickland*, a defendant must show that counsel's actions fell below an objective standard of reasonableness. *Id.* at 687-88. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Our review of counsel's performance is highly deferential and employs a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Here, Petitioner contends that trial counsel was ineffective at the punishment phase of trial for failing to present evidence of Petitioner's violent childhood and instead focusing on residual

---

[2]Petitioner briefly contends that the denial of a hearing in the state habeas proceedings relieves federal courts from applying 28 U.S.C. §§ 2254(d) and 2254(e)(1), which give deference to a state habeas court's denial of habeas relief. However, as acknowledged in Petitioner's brief, we rejected that very argument in *Valdez v. Cockrell*, 274 F.3d 941, 954, 959 (5th Cir. 2001) ("[W]e hold that a full and fair hearing is not a prerequisite to the application of 28 U.S.C. § 2254's deferential scheme.").

15

doubt and good character evidence. A trial attorney bears the duty of making a reasonable investigation or making a reasonable decision that makes a particular investigation unnecessary. *Id.* at 691. However, "[n]otwithstanding the constitutional stature of appropriate mitigating evidence in a capital case, counsel's failure to develop or present mitigating background evidence is not per se deficient performance." *Moore v. Johnson*, 194 F.3d 586, 615 (5th Cir. 1999).

Before us is substantial evidence that Petitioner witnessed and suffered a great deal of abuse as a child. Both Petitioner's mother and brother attested to Petitioner's violent childhood, with reference to specific incidents. Petitioner's affidavit and letters also substantiate his claims that he was abused as a child. Arguably, a blatant disregard of that evidence or a complete failure to investigate a defendant's background would be unreasonable. *See, e.g., Wiggins v. Smith*, 539 U.S. 510, 525 (2003) (finding unreasonable trial counsel's failure to further investigate defendant's background where counsel was aware that defendant's "mother was a chronic alcoholic; [the defendant] was shuttled from foster home to foster home and displayed some emotional difficulties while there; he had frequent, lengthy absences from school; and, on at least one occasion, his mother left him and his siblings alone for days without food"). However, none of the evidence properly before us shows objectively unreasonable action on the part of trial counsel. There is no indication that trial counsel knew of Petitioner's turbulent childhood or had reason to believe that such mitigating evidence existed. Neither is there evidence that trial counsel's investigation of Petitioner's background was objectively inadequate. Rather, trial counsel's affidavit supports Respondent's contention that trial counsel did indeed perform an adequate investigation. Trial counsel and a hired investigator spoke to Petitioner and others who knew Petitioner regarding Petitioner's background. Neither trial counsel nor the investigator

16

discovered anything unusual in the defendant's childhood during this investigation. Petitioner has not pointed to anything in the evidence properly before us that would support a contrary conclusion.

Without any indication that trial counsel should have identified child abuse as potential mitigation evidence, we are in no position to second-guess trial counsel's investigation, *see Dowthitt*, 230 F.3d at 743 (advocating caution in scrutinizing trial counsel's investigation and presentation of mitigating evidence when such inquiry comes down to "a matter of degrees"), and we find that Petitioner has failed to show deficient performance of trial counsel as required by *Strickland*.[3]

In light of the evidence properly before us, we cannot say that the state habeas court's denial of habeas relief, which was based on a finding that Petitioner failed to demonstrate deficient performance in calling Petitioner or other witnesses to testify regarding Petitioner's violent childhood during the penalty phase of trial, was an impermissible result under 28 U.S.C. § 2254(d). Thus, summary judgment in favor of Respondent was proper.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3]We must note that our inquiry would be much more difficult were we able to consider all of the affidavits and evidence Petitioner presented to the district court. The filings that we are precluded from considering suggest that trial counsel could indeed have discovered evidence of childhood abuse with little effort. According to trial counsel's own affidavit, if he had known of such information, he would have seriously considered presenting it during the penalty phase of Petitioner's trial. However, Petitioner did not present or refer to any evidence of trial counsel's inadequate investigative measures in his state petition; we are bound by the requirements of § 2254(b)(1), as explained earlier in this opinion, which requires us to consider Petitioner's claims only insofar as they have been properly exhausted in state court.