# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-70008

KEITH STEVEN THURMOND

                              Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL
INSTITUTIONS DIVISION

                              Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H 06-2833

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner Keith Steven Thurmond, convicted in Texas state court of capital murder and sentenced to death, seeks a certificate of appealability ("COA") to appeal the district court's order dismissing his petition for writ of habeas corpus. The district court held that Thurmond's petition was time-barred. Thurmond does not dispute that, in order to be timely, he had one year,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or until August 31, 2006, to file for post-conviction relief, and his petition was not filed until September 1, 2006. Thurmond argues, however, that the equitable tolling doctrine should apply either because (1) there was almost a two-month delay before he was appointed counsel or (2) Thurmond's counsel attempted to file the petition on August 31, 2006 in the after hours filing box, but the machine was not working. Because jurists of reason would not find debatable the district court's procedural ruling, we deny Thurmond's application for a COA.

## I.    BACKGROUND

Thurmond was convicted and sentenced to death for the 2001 capital murders of Sharon Anne Thurmond, his wife, and Guy Sean Fernandez. Sharon Thurmond separated from her husband a few months before the murder. She took their child and moved across the street to live with Guy Sean Fernandez. The day of the murders, deputies served Thurmond with a protective order and placed his six-year-old son in the custody of his wife. Thurmond was unhappy that his wife was living across the street with another man. After the deputies left with the child, Thurmond became very upset. He then shot and killed both victims.

The Texas Court of Criminal Appeals affirmed Thurmond's conviction in November 2004. While his direct appeal was pending, Thurmond filed a state habeas application in the state court in October 2004. In June 2005, the trial court entered findings of fact and conclusions of law recommending that Thurmond's application be denied. On August 31, 2005, the Court of Criminal Appeals adopted the findings and conclusions and denied the application.

On September 9, 2005, Thurmond filed a motion for the appointment of counsel in federal court, and the court appointed counsel on November 11, 2005. Thurmond's counsel filed an application for writ of habeas corpus in the United

States District Court for the Southern District of Texas on September 1, 2006. In June 2007, the Respondent filed a motion for summary judgment, which the district court granted and denied Thurmond's habeas petition. The district court held that Thurmond's petition was time-barred, and alternatively, Thurmond was not entitled to relief on his claims. Thurmond timely filed a notice of appeal.

## II.    STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires Thurmond to obtain a COA before he can appeal to this court.  18 U.S.C. § 2253(c); *Morris v. Dretke,* 379 F.3d 199, 203 (5th Cir. 2004).  To obtain a COA, Thurmond must make "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  Where, as here, the district court denies a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (emphasis added); *see also Morris,* 379 F.3d at 204.  AEDPA establishes a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment.  28 U.S.C. § 2244(d)(1).

## III.    DISCUSSION

Thurmond does not address the merits of the alleged denial of a constitutional right; his petition focuses on the district court's procedural ruling. Thurmond contends that his counsel completed his petition on August 31, 2006, then attempted to file it in the after hours filing box, which was not working. His counsel then mailed the habeas petition on the same day, resulting in it being file marked on September 1, 2006.  Thurmond therefore contends that his

petition should be considered timely filed due to the mechanical failure of the late filing machine.

Even accepting as true the claim that the late filing machine was broken, such mechanical failure did not render the clerk's office inaccessible for purposes of computing time. The administrative procedures of the Southern District of Texas require all attorneys admitted to the bar of that court, as well as those admitted *pro hac vice*, to register as Filing Users. Administrative Procedures for Electronic Filing in Civil & Criminal Cases 2.A. (S.D. Tex. Jan. 2007). The procedures state that "a Filing User is required to file electronically all complaints, initial papers, petitions, motions, memoranda of law, briefs, and other pleadings and documents filed with the court" in connection with civil and criminal cases. Administrative Procedures 1.B(1)-(2). Thurmond does not argue that the electronic filing system was unavailable for purposes of timely filing the petition.

Further, equitable tolling should not apply in this case. "To be entitled to equitable tolling, the petitioner 'must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007) (quoting *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007)). Thurmond meets neither of the requirements for equitable tolling. Thurmond waited until the very last day, after normal business hours to attempt to file his petition. The district court noted that Thurmond's counsel was aware that the late filing machine was broken from a prior case, and Thurmond does not dispute that he was previously on notice that the machine was broken, albeit several months before the attempted late filing on August 31, 2006. In light of counsel's previous problems with the late filing machine, more than eight months to prepare the petition, and the availability of electronic filing, this court cannot find that Thurmond was diligently pursuing his rights by waiting until the last day, after business hours,

to attempt to timely file his petition in the after hours filing machine. *Id.* at 288 (refusing to apply equitable tolling and finding that circumstances were not "rare and extraordinary" where counsel "was aware of the deadline, and had months in which to complete the petition, but waited until the very last minute on the due date to complete work on it when the computer failed"). For the same reasons, no extraordinary circumstances stood in his way.

Because our ruling on the procedural issue ends this case, we decline to address the constitutional issue. *See Slack*, 529 U.S. at 485; *Johnson*, 483 F.3d at 288.

## IV.    CONCLUSION

Jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. We therefore DENY Thurmond's application for a COA.